[Civ. No. 1714.    Third Appellate District.—October 22, 1917.]

## EDWARD G. SHERWOOD et al., Respondents, v. GEORGE S. AHART, Appellant.

HIGHWAYS—IMPLIED DEDICATION.—Dedication of a road as a highway is implied from its long and continuous use with full knowledge of the land owners interested without asking or receiving any permission, and without objection from anyone for a period of time beyond that required by law to bar the right of action.

ID.—EVIDENCE—FENCING OF ROAD.—An intention to dedicate a road as a public highway is indicated from the fencing thereof on both sides throughout its entire length on the owner's land.

ID.—ACTION TO ENJOIN OBSTRUCTION—SPECIAL INJURY.—One who suffers special injury in the use of his property from the obstruction of a highway may maintain an action to enjoin the nuisance.

ID.—PARTIES—WIFE OF DEFENDANT.—In an action to enjoin the obstruction of a highway, it is not necessary to join the wife of the defendant merely because she was a co-owner of the premises.

ID.—RIGHT TO JURY.—An action to enjoin the obstruction of a highway being one in equity, the defendant is not entitled to a jury trial.

APPEAL from a judgment of the Superior Court of El Dorado County, and from an order denying a new trial. N. D. Arnot, Judge.

The facts are stated in the opinion of the court.

Wm. F. Bray, and H. C. Jerrett, for Appellant.

Abe Darlington, for Respondents.

BURNETT, J.—The action was to enjoin defendant from interfering with the free use and occupation of a certain highway by plaintiffs, and from interfering with or preventing plaintiffs, or either of them, from entering upon any portion of said way and repairing the same.   The theory upon which the action was tried is that said way constitutes a public highway and that said plaintiffs were especially damaged by reason of the interference on the part of the defendant with the use and enjoyment of the same on the part of the former. There is, however, no allegation in the complaint that said way constitutes a public highway, it being designated as a "wagon

road, commonly known as Brewer's Road,'' and it was alleged
''that plaintiffs have traveled said wagon road, known as
Brewer's Road, for more than ten years last past, and are the
owners and in possession and occupation of a right of way
over said northeast quarter of section 35, along and over the
course of said Brewer's Road, and are entitled to travel and
pass over the same at any and all times, and it is necessary for
them and each of them to travel the said road in order to reach
the said city of Placerville.'' It is thus to be seen that plain-
tiffs presented, by their complaint, the issue as to their owner-
ship merely of a right of way, but as before stated, the case
was tried without objection upon the theory that said wagon
road constituted a public highway and had been used as such
for many years, and the court so found, as the following
finding discloses: ''That said road, known as Brewer's Road,
has been used and traveled by the general public as a public
highway continuously since the year 1860,'' and it must be
said that abundant evidence is found in the record to support
said finding. The manner in which it became a public high-
way was through a dedication by the owner and acceptance
by the public. Such dedication is implied from the long and
continuous use of the said road with full knowledge of the
land owners interested, without asking or receiving any per-
mission, and without objection from anyone for a period of
time beyond that required by law to bar the right of action.
Under the authorities, it must be held that such long-continued
use without objection, and with the acquiescence of the
owners, raised the implication of dedication for such public
purpose. (*Schwerdtle* v. *County of Placer*, 108 Cal. 589, [41
Pac. 448]; *Hartley* v. *Vermillion*, 141 Cal. 339, [74 Pac. 987];
*Leverone* v. *Weakley*, 155 Cal. 395, [101 Pac. 304].) We may
add that in addition to such use of said road there are other
circumstances disclosed by the evidence indicating an inten-
tion of the owner to so dedicate said land. One of these cir-
cumstances is found in the fact that the road was fenced on
both sides throughout its entire length on the land of the de-
fendant, forming a lane through his land. The exact date
when the road was thus fenced does not appear. There is,
however, direct testimony that it was built by one James
Dean, who was then the owner of the land in controversy,
now owned by appellant, and it appears from the testimony
of other witnesses that said Dean died in the year 1893. The

conclusion therefore follows that it has thus been fenced on both sides on the land of defendant since the said year 1893. This fencing of the road would appear to constitute a clear and explicit intention of dedication to the public.

Recurring now to the use of said road as a public highway, the following testimony of certain witnesses for the plaintiffs can leave no room for controversy. E. G. Sherwood testified that he had traveled the road for sixteen years, and that it had been "used right along by the general public as a public highway." Mrs. L. Church testified that she had traveled it since 1874. E. E. Twitchell testified that it "has been traveled by the general public as a public highway for the last thirty-five years." N. Heuer testified that it has been traveled by the general public since 1879. Eugene Phelps knew a portion of the road twenty-nine years ago, and said that it was traveled by the general public. W. S. Dean, a son of J. M. Dean, who patented the land now owned by Ahart, testified that he had known the road as long as he could recollect, and that it had been traveled by all sorts of vehicles, and that "we never attempted to stop anybody; as far as we knew, everyone had a right to travel there." Henry Schneider testified: "I have known the road called Brewer's Road, which passes through the land of Sherwood and Ahart to the Buck's Bar Road, for over fifty-four years. During all that time it has been traveled by the general public as a public highway." Mrs. Carrie Dean, a witness for the defendant, a former owner of the land now owned by him, testified: "We permitted people to pass over that road, we never obstructed anybody's passing. Later on my husband fenced the lane that goes through there now. I never objected to people passing through there, never had any occasion to. I did not have any bother only with cattle; people traveled it as they saw fit." The defendant himself testified: "I never forbid anyone going through there; there is very little travel there. Whoever wanted to go through passed along without saying anything." It must be apparent that the foregoing is amply sufficient to support a finding of a dedication of said way to the public use. It is equally clear from the evidence, which we need not set out, that the plaintiffs were damaged by the acts of defendant in obstructing said way in a manner different in degree from that of the public generally, and, therefore, were they authorized to maintain the present action. In

the Leverone case, *supra*, it is held, the learned chief justice rendering the opinion of the court, that "one who suffers special injury in the matter of the comfortable use and enjoyment of his property may maintain an action to enjoin a public nuisance, consisting of the obstruction to a public highway, and recover the damages caused him thereby."

It is true that plaintiffs sought amicably to settle the difficulty with defendant, and that they made a request of him for a written grant of said right of way, but we are satisfied that the lower court was justified in finding that this conduct of plaintiffs was inspired by the desire to avoid trouble and litigation, and was not intended, and should not be construed, as a recognition of any right on the part of defendant to question the use of said road as a public highway, nor should it be construed as an admission on the part of plaintiffs that they had no right over said road.

It follows from the foregoing that the plaintiffs had the right to enter upon said highway and make the necessary repairs. (37 Cyc. 204; *Smith* v. *San Luis Obispo*, 95 Cal. 463, [30 Pac. 591].)

We can see no merit in the contention that the wife of defendant should have been joined as a party because she is a co-owner of the premises. It does not appear that she interfered at all with the use and occupation of the road, and, hence, plaintiffs had no cause to complain against her.

Neither was there any error on the part of the court in denying defendant's request for a jury to try the cause. This is not an action at law but one in equity, and, therefore, as to this question, the rule laid down in *Meek* v. *De La Tour*, 2 Cal. App. 261, [83 Pac. 300], and *Loftus* v. *Fischer*, 113 Cal. 286, [45 Pac. 328], applies.

We find no error in the record, and the judgment and order are therefore affirmed.

Chipman, P. J., and Hart, J., concurred.