ROTHSCHILD, P. J.,
Concurring.—I would make one further point. Although defendants may have raised equitable arguments and proposed their “Alternative Trail Easement” too late in the proceedings below, the court was mistaken when it expressed its belief that it did not have the power to consider equitable arguments in deciding where to locate the easement. Because the causes of action and relief plaintiffs prayed for were equitable, the court had the power to consider an equitable resolution—defendants’ proposed Alternative Trail Easement.
In determining whether an achon is legal or equitable, we look at the substance of the complaint, “i.e., to the nature of the right involved and the remedy sought.” (3 Witkin, Cal. Procedure (5th ed. 2008) Achons, § 123, p. 202.) Here, plaintiffs alleged causes of action for quiet title and requested injunctive relief. In particular, they sought a judicial determination that defendants’ predecessors had impliedly dedicated a trail for public recreational use, “as well as a determination of the location and dimensions of the public easement.” They also sought injunctive relief to prevent defendants from interfering with the public’s use of the trail. Plaintiffs did not seek damages.
The claims and remedies are entirely equitable in nature. (See Aguayo v. Amaro (2013) 213 Cal.App.4th 1102, 1109 [153 Cal.Rptr.3d 52] [quiet title is *1038 ordinarily equitable]; Sherwood v. Ahart (1917) 35 Cal.App. 84, 87 [169 P. 240] [claim for an implied-in-law dedication of land for public use as a road was “not an action at law but one in equity”]; Mesa Shopping Center-East, LLC v. O Hill (2014) 232 Cal.App.4th 890, 901 [181 Cal.Rptr.3d 791] [injunctive relief is an equitable remedy, not a cause of action].) Therefore, these claims are governed by equitable principles, and the court had the power to consider defendants’ proposed Alternative Trail Easement.
In addition to considering the equities between the parties, a court may also consider the public policy favoring the productive use of land. (See, e.g., Daywalt v. Walker (1963) 217 Cal.App.2d 669, 672 [31 Cal.Rptr. 899] [referring to the “ ‘sound public policy that lands should not be rendered unfit for occupancy’ ”].) Here, the property was zoned for housing, and defendants had obtained permits to proceed with the project.
Where a fee owner can make a showing that an alternative route will result in an equal or better hiking trail and at the same time allow productive use of the remaining land, it makes no sense not to consider the claim. Precluding such consideration not only deprives a fee owner of the most economically viable use of the land but also deprives future, prospective homeowners of the opportunity to enjoy a home on that land. An alternative trail, on the other hand, which meets the criteria I describe, would accommodate the interests of both the current fee owner and future homeowners, as well as the public’s interest in a trail; a win-win situation.
Nothing in Gion v. City of Santa Cruz (1970) 2 Cal.3d 29 [84 Cal.Rptr. 162, 465 P.2d 50] or its progeny precludes a court’s evaluation of equitable considerations in deciding issues concerning implied dedication and the location of an implied easement. Indeed, in County of Los Angeles v. Berk (1980) 26 Cal.3d 201 [161 Cal.Rptr. 742, 605 P.2d 381], the defendant property owners asserted equitable arguments—estoppel and laches—as defenses to the plaintiffs’ implied dedication claims. Both the trial court and the Supreme Court considered these defenses on the merits. (Id. at pp. 221-222.) Although the owners’ arguments were rejected, the Supreme Court did not hold or suggest that equitable defenses had no place in an implied dedication case or that the trial court was powerless to consider an equitable resolution. Likewise, nothing in the court’s opinion in this case should be construed as precluding courts from considering such an equitable resolution.