[S. F. No. 34.     Department Two.—June 17, 1896.]

E. C. LOFTUS, APPELLANT, v. JACOB A. FISCHER, RESPONDENT.

CONTINUANCE—ABSENCE OF WITNESSES—ADMISSION.—It is not error to refuse a continuance on account of the absence of witnesses, where the opposite party makes the admission as to the evidence of the witnesses, which is contemplated by section 595 of the Code of Civil Procedure, under which the affidavit containing all that it was proposed to prove by the witnesses was admitted in evidence at the trial upon the offer of the moving party.

JURY TRIAL—EQUITY CASE—REFORMATION OF CONTRACT—INJUNCTION.—In an action in equity to reform a contract, and to restrain the defendant from disposing of certain mining stock, which was the subject matter of the contract and held by the defendant in pledge, the parties are not entitled to a jury trial.

APPEAL—ERRORS WITHOUT PREJUDICE.—Errors in respect to immaterial and collateral matters, not affecting the merits of the controversy, are without prejudice, and are not ground for reversal upon appeal.

ID.—REVIEW OF FINDINGS—SUBSTANTIAL CONFLICT OF EVIDENCE.—Where the evidence presents a substantial conflict, the findings of the trial court thereon will not be disturbed upon appeal.

EVIDENCE—VALUE OF STOCK OF CORPORATION—COMPLAINT IN ANOTHER CAUSE—CROSS-EXAMINATION — RE-EXAMINATION — IMMATERIAL MATTER.—Where, upon the cross-examination of the plaintiff as to the value

of the stock of a corporation, a portion of his verified complaint in another cause, consisting of his allegation of its value, was offered in evidence, it is not error to refuse, upon re-examination, to admit the entire complaint in evidence, or any immaterial matter therein, not relating to the question of value.

COSTS UPON APPEAL—REFUSAL OF RESPONDENT TO CERTIFY TRANSCRIPT—EFFECT OF RULE OF SUPREME COURT.—The supreme court has not the power to compel respondent's counsel to agree to the certification of the transcript upon appeal, regardless of the merits or outcome of the appeal, under absolute penalty for refusal; and its rule does not relieve the appellant from the duty of advancing the cost of the clerk's certification of the transcript, or relieve him from the burden of paying such cost, if his appeal is not successful, but allows the respondent the privilege of saving possible expense, if the appeal is successful, and precludes appellant from recovering such cost if the transcript is not presented to respondent for approval.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. J. C. B. HEBBARD, Judge.

The main facts are stated in the opinion rendered upon the appeal from the judgment—106 Cal. 506—and further facts are stated in the opinion of the court upon this appeal.

*James L. Crittenden*, for Appellant.

*Wheaton, Kalloch & Kierce*, and *Scrivner & Schell*, for Respondent.

HENSHAW, J.—This is an appeal from the order of the court denying plaintiff a new trial.

In the opinion of this court rendered upon the appeal from the judgment (*Loftus* v. *Fischer*, 106 Cal. 616), the facts are fully set forth, and need not here be repeated.

1. It was not error for the court to refuse a continuance on account of the absence of the witnesses Behlow and O'Gorman. Defendant made the admission as to the evidence of these absent witnesses which is contemplated by section 595 of the Code of Civil Procedure, and the affidavit containing all that it was proposed to prove by them was admitted in evidence at the trial upon plaintiff's offer.

2. It was not error to refuse plaintiff a jury trial. The action was a simple proceeding in equity to reform a contract, and meanwhile to restrain defendant from disposing of certain mining stock, the subject matter of the contract, and held by him in pledge. (*Société Francaise* v. *Selheimer*, 57 Cal. 623; *Fish* v. *Benson*, 71 Cal. 428.)

3. Of the numerous exceptions taken to the rulings of the court in rejecting or admitting evidence it is sufficient to say, as to most of them, that the rulings were correct or that the subjects of inquiry were immaterial and collateral matters. The rulings, even if technically erroneous, could not have injured appellant. The complaint contained a mass of averments redundant and superfluous to the cause of action stated. Under these unnecessary averments a vast amount of evidence was introduced which was entirely immaterial to the legitimate issues of the case. The court gave the widest latitude to counsel upon either side, both in their direct and cross-examinations. All of the business affairs of the corporation—or partnership—whether bearing upon the transaction in dispute or not, were gone into and discussed with tiresome iteration. That a little more or less evidence was admitted or excluded cannot have worked injury when the evidence itself was upon questions collateral to matters collateral to issues immaterial. But, touching specifically upon one or two of the many rulings complained of, it was not error for the court to refuse admission in evidence to all of the complaint in the case of *Behlow* v. *Fischer*. This complaint had been verified by plaintiff. Upon cross-examination, and while being interrogated as to the value of the stock of the corporation at a certain time, a paragraph in this complaint which contained an allegation of its value was offered and admitted in evidence. Witness was allowed to and did explain fully what he meant by this averment, and all about the value of the stock. Upon redirect examination plaintiff's counsel offered *all* of that complaint "to explain the portion admitted."

The court very properly said in ruling that the portion offered was admitted as showing the value of the stock. "If there is any portion that the other side think will show how or why that was, it is admissible." No effort was made by counsel to meet this ruling, and to specify other portions of the instrument which would explain or modify the part admitted, but appellant simply insists that the whole complaint should have been admitted. The mere statement of the facts shows the unsoundness of the claim. So, too, it was not error for the court, after the case had been closed, to refuse to open it for the taking of further evidence. No showing is made that it had but newly come to the knowledge of plaintiff, and indeed, as the offered evidence was a part of defendant's answer in another action between the same parties, it is at least presumable that its existence and materiality were known to plaintiff all the time.

4. Of the findings which it is claimed are erroneous each and all are fully supported by the evidence of defendant, which in many instances is corroborated by that of other witnesses. It is true that the evidence presents a conflict upon many of the questions, but the trial court's determination of the facts, under such circumstances, will not be disturbed.

The order appealed from is affirmed.

Appellant has moved that the costs of obtaining the clerk's certification to the transcript, amounting to one hundred and twenty-six dollars, be taxed against respondent under rule XI of this court for the failure and refusal of respondent's counsel to certify to the correctness of the transcript within five days after its presentation to them for that purpose.

The code provides the mode by which the appellant shall bring his appeal to this court, and, as one of the steps in the process, that the clerk shall certify to the correctness of the contents of the transcript. In this case it appears that the law values the services of the clerk so rendered in the sum of one hundred and

twenty-six dollars. The claim of appellant is that by its rule this court could compel, and does compel, respondent's counsel to give his money or its equivalent in service to appellant in an adversary proceeding for the taking of an appeal which it is the duty of appellant to perfect; or, for his failure, to pay the cost of the clerk's certification to the appellant regardless of the merits or outcome of the appeal. This claim is not sound, nor has this court the power to compel the performance of such services under penalty for refusal. ·The costs of appeal are by law in the first instance to be borne by the appellant. The respondent, in case the appeal is successful, may protect himself against the payment of the costs of certification by having previously stipulated to the correctness of the transcript. But he is not obliged, and cannot by order or rule of court be compelled, to perform this labor. If the transcript be presented, and respondent under the rule refuses to certify, then, in the event of appellant's success, the latter may recover the costs. In brief, the rule contemplates that to save possible expense to the respondent the transcript shall be presented to him. If presented, and he fails to certify, he may be cast for costs in the event of appellant's success. If not presented, appellant shall not recover the costs of the certification which respondent might have saved to himself by stipulating to the transcript's correctness, had it been presented to him.

The motion to allow the costs of certification is therefore denied.

TEMPLE, J., and McFARLAND, J., concurred.