[Civ. No. 7301.   First Appellate District, Division Two.—September 30, 1930.]

VINCENT M. BOVAIS, Respondent, v. D. J. CASSASSA et al., Appellants.

Anthony S. Devoto and Devoto & Richardson for Appellants.

Resleure & Hill for Respondent.

NOURSE, P. J.—Plaintiff sued to recover five hundred dollars deposited by him as security for payment of rent under a lease which had expired and terminated. Plaintiff had judgment, and defendants appeal on typewritten transcripts.

Appellants urge three points. ■ First, that there was no surrender by respondent and no acceptance by appellants. The trial court found that there was both a surrender and an acceptance. But appellants say that these findings are based solely on the testimony of respondent which is improbable. Cases are cited holding that courts should not be required to give verity to mere swearing by a witness. But here the testimony is corroborated by the circumstances appearing in other evidence, and was believed by the trial court. We would be entirely out of our province as an appellate court if we should hold the testimony improbable on this showing.

■ Second, that the trial court abused its discretion in refusing to reopen the case after its submission in order to permit appellants to bring in other testimony. Appellants wholly failed to show any excuse for not having produced the evidence at the trial and the motion was correctly denied. (*Houghton* v. *Lawton,* 63 Cal. App. 218, 224 [218 Pac. 475]; *Maunder* v. *Pozzo,* 175 Cal. 740, 742 [167 Pac. 145].)

■ Third, that the trial court erred in awarding respondent interest at seven per cent from March 1, 1927, to the date of the judgment. The lease called for the payment

of interest on the deposit at the rate of four per cent. As the lease was terminated in February, 1928, the statutory rate should have been awarded from that date. The judgment for interest should therefore be reduced in the sum of fifteen dollars.

As so modified the judgment is affirmed, with costs to respondent.

Sturtevant, J., and Spence, J., concurred.