[Civ. No. 18700. Second Dist., Div. Two. Oct. 8, 1952.]

DAVE KAPLAN, Appellant, v. R. M. HACKER, Respondent.

Buchalter, Nemer & Fields and Milton Linder for Appellant.

Leo K. Gold for Respondent.

FOX, J.—Plaintiff appeals from (1) an order requiring him, upon payment of $300.10 by the defendant, to execute and file a satisfaction of the judgment herein; and (2) an order denying his motion to reopen the hearing on the motion to compel satisfaction of the judgment.

Plaintiff recovered a judgment against defendant in May, 1949. Partial satisfaction was filed in February, 1950. In July, 1950, plaintiff filed with the clerk an unacknowledged document purporting to be an assignment of the judgment to one Al Kaplan. No notice, however, of such assignment was given defendant and no action has been taken by the assignee to be substituted as a party plaintiff. The assignment was written on the stationery of counsel for plaintiff and the same counsel continued to represent plaintiff after the assignment and through both of the proceedings out of which this appeal arises. Upon three separate occasions after the assignment counsel acknowledged substantial payments on the judgment and directed entry of partial satisfaction in accordance therewith.

A dispute arose between defendant and plaintiff as to the amount unpaid on the judgment. Defendant contended the remaining unpaid amount was $300.10 and made tender thereof, demanding a full satisfaction of the judgment. Plaintiff refused this demand. Defendant thereupon gave notice to compel satisfaction of judgment pursuant to section 675, Code of Civil Procedure, supporting it with his own affidavit. Plaintiff, who lives in Phoenix, Arizona, filed a counteraffidavit. On the day set for hearing both plaintiff and defendant appeared in person to give oral testimony. But before the hearing got under way plaintiff discovered a process server was waiting to serve a summons and complaint on him in a federal court case, unrelated, however, to this litigation. Not desiring to be served in that case, plaintiff absented himself from the courtroom and did not testify in this proceeding. After considering the affidavits and defendant's oral testimony the court determined the amount unpaid on the judgment was $300.10, as contended by defendant, and ordered satisfaction of judgment entered upon payment thereof. During this hearing no mention was made of any assignment of the judgment by the plaintiff to Al Kaplan.

A few days later plaintiff made a motion, supported by an affidavit of one Alec Newman, to reopen the hearing on the motion to compel satisfaction of the judgment. The Newman affidavit purported to support plaintiff with respect to a disputed payment. No showing, however, was made as to why this information was not available at the prior hearing. Consequently the motion to reopen was denied. The ruling on this latter motion was largely a matter of judicial discretion which will not be disturbed on appeal in the absence of a clear abuse thereof. (*Bovais* v. *Cassassa,* 108 Cal.App. 649, 650 [291 P. 886] ; *Mazzenga* v. *Rosso,* 87 Cal.App.2d 790, 794 [197 P.2d 770].) We find no abuse of discretion.

The assignee of the judgment who is prosecuting this appeal in the name of the original plaintiff, as he is privileged to do (Code Civ. Proc., § 385), attacks the order compelling satisfaction of the judgment on the ground of lack of jurisdiction because he was not given notice of defendant's motion. There is no merit in this contention. The assignee did not give actual notice to defendant of the assignment and the mere filing thereof does not operate as constructive notice to the judgment debtor. (*Buckeye Refining Co.* v. *Kelly,* 163 Cal. 8, 13 [124 P. 536, Ann.Cas. 1913E 840].) Furthermore, Al Kaplan took no steps to have himself substituted as a

party plaintiff as provided by statute. (Code Civ. Proc., § 385.) He elected to continue the action in the name of the original party with the same counsel until after the hearings in the court below. After the assignment these attorneys acknowledged receipt of three substantial payments by defendant and accordingly directed partial satisfaction of judgment in each instance. It is thus clear that the assignee had elected to permit the .plaintiff and counsel of record to represent him insofar as his dealings with defendant were concerned. These persons were served with notice and participated in the hearings. Under these circumstances it cannot be truly said that the assignee did not have notice of defendant's motion to compel satisfaction of the judgment or that the court was without jurisdiction to make the order.

The assignee, Al Kaplan, further argues that on the theory of judicial notice the court had before it the fact of the assignment of the judgment to him, and should have ordered him brought into the proceedings, otherwise he is deprived of his property without due process. This argument is not sound. While a court will take judicial notice of its own records in the same action (*Schomer* v. *R. L. Craig Co.*, 137 Cal.App. 620, 627 [31 P.2d 396]), this does not mean that it takes judicial notice of and accepts as true and genuine every paper that appears in the file. (*Hurley* v. *Lake County*, 113 Cal. App. 291, 295-296 [298 P. 123].) Here the alleged assignment had not been received in evidence, and its authenticity had not been shown. The document, therefore, did not establish the fact that the judgment had been assigned. Hence it was not a part of the record of which the court was required to take judicial notice (*Hurley* v. *Lake County, supra,* pp. 295-296.)

The orders are affirmed.

Moore, P. J., and McComb, J., concurred.