[Civ. No. 16772.   First Dist., Div. Two.   July 17, 1956.]

FRANCES R. WINN, Plaintiff and Appellant, v. PAUL F. WINN, Defendant and Appellant.

C. Dan Lange and Clyde R. Rockwell for Plaintiff and Appellant.

Bray, Baldwin & Ogden, A. F. Bray, Jr., and John F. Baldwin for Defendant and Appellant.

DOOLING, J.—Plaintiff Frances R. Winn was awarded an interlocutory decree of divorce. She appeals from the following portions of the judgment: an award of joint custody of the two minor children; an award of $50 per month as child support for both minor children; an order terminating all alimony payments after eighteen (18) months; and an award of $200 for attorneys' fees for her present attorneys, plus the sum of $50 for costs advanced. Defendant Paul F. Winn appeals from the portion of the judgment awarding plaintiff 50 per cent of the accounts receivable of his medical practice as of July 7, 1954, as collected.

The parties were married in Arizona in 1933. Plaintiff filed this action for divorce on the ground of extreme cruelty in August of 1953. Defendant filed a cross-complaint for divorce, also on the ground of extreme cruelty. The action was brought to trial in July of 1954. At that time it was stipulated that the minor children of the parties, twin boys then of the age of 8½ years, should be allowed to remain in a private school in Monrovia, California, for a period of at least a year from the coming fall semester. Defendant agreed to pay the tuition for the boys on condition that they remain in this school. The parties further stipulated as to the manner in which certain community property should be divided between them.

At the close of the testimony the court orally announced its decision granting plaintiff an interlocutory decree of

divorce on the ground of defendant's extreme cruelty. Custody of the children to be awarded to both parties with the provision that they should remain in the private school in Monrovia for a period of two years. Attorneys for both parties stated that the division of the community property had already been agreed upon. Plaintiff's attorneys were granted $250 for additional attorneys' fees. Plaintiff was to receive $50 per month for the support and maintenance of the children for other things besides their tuition and the sum of $375 per month for a period of 18 months as alimony. Findings were waived by both parties.

On August 24, 1954, plaintiff substituted her present attorneys in place of those who had previously represented her. The substituted attorneys filed a motion to vacate waiver of findings of fact and conclusions of law and for allowance of attorneys' fees and costs. They also filed a motion to set aside submission and to reopen cause. The motion to reopen was granted for the limited purpose of receiving evidence on the issue of the accounts receivable of the defendant.

A hearing for the purpose of receiving evidence on the question of defendant's accounts receivable from his medical practice was held on January 10, 1955. At that time the court decided to give plaintiff 50 per cent of these accounts as of July 7, 1954, as and when collected by defendant. An order was also made in plaintiff's favor for an additional $200 attorneys' fees and $50 costs for her present attorneys.

Defendant Paul F. Winn sought to have plaintiff held in contempt of court because of her action in removing the minor children from the private school where they had been placed by order of the court. He filed a motion *in re* contempt for this purpose on December 15, 1954. This motion was also argued on January 10, 1955. It appeared that one of the children had become seriously ill while in the private school and plaintiff removed both children from that school so that she might care for them. For this purpose she rented a house in Arcadia, California, and sent both of the children to the public school there. The trial judge said that plaintiff technically had no right to take the children out of the private school but he seemed inclined to believe that under the circumstances she was compelled to act as she did and he declined to hold her in contempt for her act. The court further determined to give the actual physical custody of the children to plaintiff retaining joint legal custody in both parties and he refused to increase the previously allowed $50 per month

for their support. The provisions of his final order were carried into the interlocutory decree.

## The Wife's Appeal

The interlocutory decree contains the following provisions with regard to the custody of the children:

"The Court being fully advised in the premises . . . modified its announcement with respect to the custody of . . . the minor children . . . , directing that joint custody of said minor children be awarded to the parties hereto with physical custody to remain with the plaintiff and cross-defendant until further order of the Court . . . [this by way of recital].

"It is further ordered, adjudged and decreed that the care, custody and control of . . . the minor children of the parties hereto be awarded jointly to the parties hereto . . . [this by formal order].

"It is further ordered, adjudged and decreed that the defendant shall pay to the plaintiff the sum of $50.00 each month . . . as and for the care, support and maintenance of . . . the minor children . . . until they shall attain the age of twenty-one (21) years or until further order of Court. . . ."

It will thus be seen that the decree formally gives joint custody (without, except by recital, giving actual physical custody to the mother) and at the same time orders support payments made to the mother until age 21 or the further order of the court, thus indicating that the court intended the mother to have physical custody. The judge announced that he intended to leave the children where they were, and if that did not work out the matter could later be brought before the court for possible modification. As we read the record it was the intention of the trial judge to continue actual physical custody in the mother and the unequivocal order for continued support payments to the mother in the decree itself bears this out. To avoid any possible ambiguity in this respect the decree is ordered amended to add the words "with physical custody to remain in the plaintiff" to the paragraph of the decree awarding joint custody of the minor children to the parties. As so amended, to carry out the expressed intention of the trial court, we cannot regard the custody award as unreasonable. ■ The court's main concern in making a custody award is the best interest of the children and the court has a wide discretion in this matter. (*Prouty* v. *Prouty*, 16 Cal.2d 190 [105 P.2d 295].)

██ The court awarded plaintiff as alimony $375 per month for 18 months. In the matter of alimony, whether to make a permanent award or one for a limited period, the court has a wide discretion. (*Simpson* v. *Simpson,* 134 Cal.App.2d 219 [285 P.2d 313]; *Newbauer* v. *Newbauer,* 95 Cal.App.2d 36 [212 P.2d 240].) In the latter case the court said at page 40: "That the members of this court might have been more liberal is not the test. The discretion was the trial judge's, not ours; and we can only interfere if we find that under all the evidence, viewed most favorably in support of the trial court's action, no judge could reasonably have made the order that he did." The plaintiff is a trained nurse and the trial court orally announced the conclusion that after a reasonable adjustment period she could resume this occupation. We cannot find that no judge could reasonably have made the alimony order here in question.

██ The award of only $50 per month for the support of two boys, where the father is earning approximately $20,000 per year net to him, in our view cannot be supported. The trial court must consider in making such an award the welfare of the children above all else, considering their station in life and the ability of the father to pay. Twenty-five dollars each per month for the support of two boys whose father earns $20,000 shocks the conscience. No self-respecting and considerate father left to his own discretion, with such an income, would limit his contribution to the support of his children to $25 per month each. The trial judge saw fit to leave the children in the physical custody of the mother. At the same time he determined to continue in effect an order which originally was intended merely for clothing and incidentals while the father was paying $200 per month for the support of each boy in a boarding school. This was an obvious and clear abuse of discretion. The welfare of the boys demands more of a father with such an income. (In *Gudelj* v. *Gudelj,* 41 Cal.2d 202 [259 P.2d 656], an award of $50 per month for the support of one child was affirmed but the court characterized the award as "not overly generous." The father in the Gudelj case was not earning anything like $20,000 per year and there is nothing in the Gudelj case to support the niggardly award of $25 per child under the circumstances of this case. This portion of the decree will be reversed with directions to the trial judge to make an award commensurate with the welfare of the children of a defendant whose net earnings are $20,000 per year, such

award to date from January 11, 1955, the date of the interlocutory decree.

The court awarded plaintiff's present attorneys $200 counsel fees and $50 for costs advanced. The court had previously allowed plaintiff's former attorneys $175 on account on November 30, 1953, and in the interlocutory decree ordered an additional fee of $250 paid to said attorneys. Thus the total allowed for attorneys' fees was $625. Plaintiff's present counsel succeeded in securing for her one-half of accounts receivable which, if collected, will net her over $8,000. Two hundred dollars for the services performed by these attorneys is not a generous allowance, but the court was entitled to consider the aggregate fees allowed to two sets of attorneys and also the ability of the wife to pay a portion of her present attorneys' fees. He might well consider her ability to pay something to her attorneys out of the $8,000 to be collected particularly in view of the fact that defendant was ordered to pay all community debts. (See 16 Cal.Jur.2d, Divorce and Separation, §§ 194-197, pp. 484-490.) On the whole circumstances of the case we cannot hold that the judge abused his discretion in this particular.

### The Husband's Appeal

Defendant husband appeals only from that part of the interlocutory decree which awards the wife 50 per cent of the accounts receivable from his practice as of July 7, 1954, as collected. At the close of the original hearing the parties stipulated to the division of the community property. These accounts receivable, although clearly community property (the earnings of the husband during marriage, Civ. Code, § 164), were not mentioned in the pleadings or the stipulation of the parties. The court announced its order for judgment, including the division of the property pursuant to the stipulation. Before the interlocutory decree was signed the wife procured new counsel who moved to reopen the trial for several purposes, including the award of these uncollected accounts as community property. The court granted the motion as to the accounts receivable only.

Appellant husband contends that the wife was bound by her stipulation which he claims amounted in effect to a property settlement agreement. The stipulation was not in any sense a formal property settlement agreement.

The rule covering the power of a court to set aside stipulations, supported by extensive citation of authority, is

thus stated in 23 California Jurisprudence, Stipulations, section 14, pages 829-830: "The rule is firmly established that a court may, in the exercise of its sound discretion, set aside stipulations entered into through inadvertence, excusable neglect, or mistake, either of fact, or of law. And the court's action in this regard will be interfered with upon appeal only upon a clear showing of an abuse of discretion."

When it was called to the trial court's attention that a substantial *item* which was clearly community property had been overlooked by plaintiff's counsel in their stipulation it was within the sound discretion of the trial court to relieve plaintiff of the stipulation to this extent and to reopen the case for the disposition of this item.

Since the court could have awarded all of this property to plaintiff (*Barham* v. *Barham,* 33 Cal.2d 416, 431 [202 P.2d 289]) appellant husband cannot complain that the court did not deduct the community debts (which the husband was ordered to pay) or that the award of 50 per cent was otherwise inequitable.

The interlocutory decree is ordered amended in the particular hereinabove mentioned with respect to the physical custody of the children, the award of $50 per month for the support of the children is reversed with directions to the trial court to make an adequate allowance for the support of the children, such award to date from January 11, 1955, and the decree as amended is otherwise affirmed, the plaintiff to have her costs on both appeals.

Nourse, P. J., and Devine, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.