[Civ. Nos. 21979, 22015.  Second Dist., Div. Three.  Apr. 4, 1957.]

REGINA DIAMOND, Respondent, v. JACK H. DIAMOND, Appellant.

[Two Cases.]

Alexander H. Schullman and Jack R. Berger for Appellant.

Ralph Rosenstock for Respondent.

SHINN, P. J.—Defendant Jack H. Diamond prosecutes two appeals, one from that part of a judgment in an action for divorce which divides the community property of the parties and the other from an order in the same action awarding plaintiff $200 on account of attorney's fees and $250 on account of court costs on the appeal first mentioned. Plaintiff sued for divorce on the ground of cruelty. Defendant cross-complained for divorce on the same ground. The court found each of the parties to have been guilty of cruelty and awarded each of them a divorce. The judgment also awarded plaintiff a share of the community property of a value largely in excess of one-half thereof. The point on the appeal from parts of the judgment is that since each of the parties was awarded a divorce the court was required to make an equal division of the community property.

The pleadings admitted and the court found that at the time of trial the parties owned community property consisting of real property, money in escrow, the proceeds of sale of real property, a second trust deed, two automobiles, household furniture and Israeli bonds in the sum of $300, although it was found that of the household furniture some of it was the separate property of the plaintiff.

The court found there was a balance of $2,700 unpaid on the trust deed and $2,990.19 held in an escrow as proceeds of the sale of real property. The court made no findings as to the value of the other community property. By

its decree the court divided the community property. Appellant in his brief does not state the total value of the property awarded to respondent except to say that the court awarded her "virtually all of the community property." Respondent in her brief says she received in value $8,365 and that appellant received $2,006.77. In his reply brief appellant does not question these figures. The decree awarded the wife something more than 80 per cent of the community property. She was not awarded any support or costs of trial.

In *De Burgh* v. *De Burgh,* 39 Cal.2d 858, 874 [250 P.2d 598], the Supreme Court held that when a divorce is granted to both parties the community property must be equally divided. In view of this decision we must hold that the trial court was required to make an equal division of the community property.

The court also declared in De Burgh that in the same situation alimony may be awarded to either party. We think the matter of the division of community property and the matter of support were probably considered by the court as an entire problem and that the award of an excessive amount of the community property may have influenced the court to deny any allowance for the support of plaintiff. It would seem to us that since an equal division of the community property is mandatory the court should reconsider the matter of support. To be sure, plaintiff has not appealed from the denial of support, but she was not displeased with the judgment and had no reason to be. We do not suggest that support money should be awarded. That is not our problem. We merely hold that it is one for which the trial court must find a solution in the light of recent innovations in the law.

After defendant gave notice of appeal from parts of the judgment, plaintiff made a motion for an order awarding her attorney's fees and costs on appeal. Upon the hearing of the motion at which the parties introduced evidence, it was found that plaintiff had no savings with which to pay counsel fees or costs on appeal and the defendant had ability to pay a reasonable amount for the same. The court ordered defendant to pay $200 attorney's fees and $250 as costs of plaintiff on defendant's appeal from parts of the judgment. Defendant attacks this order upon the ground that the interlocutory decree finally relieved him from any obligation of support and that the court was thereafter without authority to order him to pay costs and attorney's fees on the

appeal. There would be merit in this contention if the interlocutory decree had been final with respect to the dissolution of the marriage. (*McClure* v. *McClure,* 4 Cal.2d 356 [49 P.2d 584, 100 A.L.R. 1257].) ██ But the time had not expired within which an appeal could be taken from the part of the decree that dissolved the marriage and the action was still pending. The relation of husband and wife still existed and it was within the discretion of the court to make an allowance for counsel fees and costs under section 137.3 of the Civil Code. The fact that the judgment directed that neither party should recover costs of suit from the other was no barrier to the making of the order in question. By a preliminary order defendant had been required to pay $175 as plaintiff's attorney's fees prior to trial, the court reserving the question of further fees to the time of trial. No further allowance was made for past services, but the order for the payment of fees and costs on appeal was a different matter as to which the court's power to make an allowance was not affected in any way by the earlier proceedings.

██ The further argument is advanced that the evidence was insufficient to show plaintiff's need for an allowance for attorney's fees and costs or defendant's ability to pay the same. There was evidence to support the court's findings and it is not our function to reweigh the evidence. The amounts allowed were not unreasonable and the order was well within the discretion of the court.

The judgment is reversed insofar as it makes a division of the community property for a retrial of that issue and the matter of support for either party. The order awarding plaintiff counsel fees and costs on appeal is affirmed. Costs of appeal to respondent; none to appellant.

Wood (Parker), J., and Vallée, J., concurred.