[Civ. No. 5809.   Fourth Dist.   July 14, 1958.]

VIRGINIA HARRIS DE SANTO, Appellant, v. DOMINIC
ANTHONY DE SANTO, Respondent.

Shera, Mallory & Kelley and Gertrude Greengard for Appellant.

Donnelley, MacNulty & Butler for Respondent.

GRIFFIN, J.—Plaintiff-appellant brought an action for divorce, on the ground of extreme cruelty, against her husband. She sought alimony, child support and distribution of community property. Defendant and respondent, in turn by cross-complaint, sought a divorce, custody of the children and a division of the community property. After trial, the court granted each a divorce. Defendant was ordered to pay plaintiff as alimony $125 per month plus $125 per month each for the support of the three minor children. It found certain listed property to be separate property of each; that the net value of the real and personal community property was in excess of $160,000, and attempted to divide it equally between the parties. They jointly owned a large family residence in La Jolla. Plaintiff asked that a homestead be impressed on that property for the benefit of herself and the children. Instead, the court allowed plaintiff and the children to remain therein for a 60-day period, rent free, and ordered defendant to maintain it and make the necessary payments thereon. It then gave the parties 60 days to determine between themselves whether or not they wished to accept said home property at a value of $45,000 less the principal amount of balance on a note secured by a trust deed, and that if neither party desired to accept said property, it should be sold at private sale and the net proceeds divided equally between them. It was appraised at $52,000. Custody of the three children was awarded to plaintiff.

Plaintiff appealed from three portions of said interlocutory decree: (1) the amount of alimony; (2) the amount of child support; and (3) the judgment affecting the residence. As to the first and second claims, plaintiff contends the award of $125 per month to her and $125 per month each to the children, was inadequate to maintain her and the children in the manner to which she and they were accustomed, when considered in connection with defendant's earnings.

Defendant is a medical doctor. There is evidence that in 1953 his gross receipts were approximately $83,000; in 1954 $74,000; and in 1955 about $95,000; in 1956 about $104,000; and that his anticipated gross income per year would be about $90,000; that in 1955, after federal taxes were paid, his net take-home or inexpendable income for the family was approxi-

mately $47,000; in 1953 $27,500; in 1954 $33,500; and in 1956 $34,000. Some of this included income from securities of Mrs. De Santo. Plaintiff claimed her necessary living expenses for herself and three minor children would be about $2,000 per month.

The parties were married February 24, 1946. As to the children's ages at the time of trial, the twins were 6½ years old and the other child was 2 years old. She had one child by a previous marriage. They employed a permanent nurse for the care of the children, who lived in the home, as well as a gardener for the yards, and part-time housemaid. Two of her children go to a private school and require special speech work and training for articulation, and they take dancing lessons. She alleges that $100 per month is necessary for her to carry on her social entertainment. Defendant testified he paid all the household expenses; that he was sending some money to his parents in aid of their support; and that he attended medical meetings and conventions costing at least $3,000 per year.

Plaintiff's accountant calculated that plaintiff should receive about $1,500 per month alimony and $1,000 for the children, and that if defendant retained the same amount he would have a net take-home pay equal to that of Mrs. De Santo and the children. The three children have savings accounts of their own totaling in excess of $2,400, and bonds totaling $6,450 face value. The parties agreed that these accounts and bonds belong to said children. Lists of stock of each of the parties were received in evidence, together with the amount of dividends received therefrom.

■ It is the general rule that in a divorce action the trial court is given a wide discretion in determining the amount of alimony to be awarded to the wife, having regard for the circumstances of the respective parties, and a reviewing court is limited to the question whether the trial court abused its discretion in making the order. This is true, even when a divorce is granted to both parties. ■ Alimony may be awarded to either party and the comparative guilt of the respective individuals may have an important bearing on whether or not either should be granted relief. (*Sawyer* v. *Sawyer*, 57 Cal.App.2d 582, 584 [134 P.2d 868]; *De Burgh* v. *De Burgh*, 39 Cal.2d 858, 874 [250 P.2d 598]; *Mueller* v. *Mueller*, 44 Cal.2d 527, 530 [282 P.2d 869]; *Diamond* v. *Diamond*, 149 Cal.App.2d 788 [308 P.2d 909]; *Bowman* v. *Bowman*, 29 Cal.2d 808, 811 [178 P.2d 751, 170 A.L.R. 246];

*Lamborn* v. *Lamborn,* 80 Cal.App. 494, 499 [251 P. 943] ; Civ. Code, § 139.)

Plaintiff cites *Barham* v. *Barham,* 33 Cal.2d 416 [202 P.2d 289], as authority for holding that a monthly allowance of $600 was not excessive where the husband's annual income exceeded $85,000; and *Winn* v. *Winn,* 143 Cal.App.2d 184 [299 P.2d 721], holding, in respect to determining a suitable allowance for the support and maintenance of children, that the trial court must consider, above all else, the welfare of the children, their station in life, and the ability of the father to pay. Plaintiff claims they were entitled to be supported in the manner in which they had been supported during the marriage. (See also *Merritt* v. *Merritt,* 106 Cal.App. 234 [289 P. 240] ; *Sigesmund* v. *Sigesmund,* 115 Cal.App.2d 628, 631 [252 P.2d 713] ; and *Huntington* v. *Huntington,* 120 Cal. App.2d 705, 713 [262 P.2d 104].)

█ Without the distribution of the community property, which was apparently made on an equal basis, it might well appear that the award of alimony, when considered in connection with defendant's net income, would be inadequate. Here, plaintiff was awarded in excess of $80,000 in community personal and real property, including the possible return of $22,500 from the sale of the real property, less incumbrances, in addition to free living quarters for a 60-day period. If we consider the award of alimony, and award of support money for the three children during their tender years, and the possibility of their allowance being increased as the children grow older and their expenses of maintenance and education grow greater, it cannot be said, as a matter of law, that the trial court abused its discretion in respect to these orders, particularly when it is considered in connection with the community property allowance.

█ The refusal to set aside the home property as a homestead for the benefit of plaintiff and the children and ordering the sale thereof was justified. (*McKannay* v. *McKannay,* 68 Cal.App. 701 [230 P. 214] ; *LeFiell* v. *LeFiell,* 108 Cal.App. 2d 321 [239 P.2d 61] ; 16 Cal.Jur.2d p. 584, § 287; 16 Cal.Jur. 2d pp. 574-575, §§ 279-280.)

The portion of the judgment from which this appeal has been perfected is affirmed.

Mussell, Acting P. J., and McCabe, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.