DRAPER, J.
In this divorce action, interlocutory decree granted divorce to each of the parties, divided the community property, awarded alimony to plaintiff wife for one year, and authorized the wife to offset the total alimony against amounts she was directed to pay to husband to equalize the division of property. Defendant husband appealed from the decree, specifically excepting from his appeal, however, those portions which granted divorce to each party. After expiration of the wife’s time to appeal, the court, on her motion, ordered husband to pay her costs and attorneys’ fees for resisting his appeal. Defendant husband appealed from that order. On motion, we stayed proceedings on appeal from the decree until determination of the appeal from the order. Only the question of fees and costs is now before us.
*713 Appellant does not attack the amount of the award. He argues only that the court had no power to make any award. Since neither party appealed from the portion of the decree directing dissolution of the marriage, he says that order has become final. Assuming that the marriage was dissolved without award of alimony, he argues that his obligation of support terminated and, without the duty of support, there is no right to order payment of fees and costs. (McClure v. McClure, 4 Cal.2d 356, 362 [49 P.2d 584, 100 A.L.R. 1257] ; Diamond v. Diamond, 149 Cal.App.2d 788, 790-791 [308 P.2d 909].) It is unnecessary for us to consider whether amendments to the code have removed the basis for the decision in McClure and the dictum in Diamond. Appellant concedes that both finality of the interlocutory decree and absence or expiration of an alimony award are essential to his contention.
But the decree on its face awards alimony for one year. The motion for costs and fees was made within three months after denial of motion for new trial, and granted two months later. The fact that the wife was authorized to offset the total of alimony payments against her obligation to pay a fixed sum to husband neither negates nor limits the award. Nor does it destroy the character of that award as alimony. There is no showing that she has exhausted the grant of alimony by using it as an offset to date. Thus the award of alimony continued in effect at the time the present order was made, and that award is a subject of the appeal from the decree. It follows that a major basis of appellant’s argument fails.
Order affirmed.
Kaufman, P. J., and Good, J. pro. tem.,* concurred.
A petition for a rehearing was denied May 13, 1960, and appellant’s petition for a hearing by the Supreme Court was denied June 8, 1960.

 Assigned "by Chairman of Judicial Council.