[Civ. No. 18735. First Dist., Div. Two. Apr. 4, 1961.]

GLADYS R. LYONS, Respondent, v. CLIFFORD W. LYONS, Appellant.

Marvin C. Hix for Appellant.

Pierre A. Fontaine and Andrew P. Costelli for Respondent.

790

DRAPER, J.—It is understatement to describe the events leading to this divorce as tempestuous. Plaintiff wife shot defendant husband and was serving a term in women's prison for this breach of marital etiquette when the case was tried. There was testimony that defendant husband had on several occasions pursued his wife with knife or razor, although he had failed to wound her. The court granted each party an interlocutory decree on the ground of the other's cruelty. Husband appeals but, understandably, expressly excludes therefrom the portions of the decree granting divorce.

After memorandum decision in this case, husband moved to reopen to permit him to amend his cross-complaint to allege the wife's conviction of a felony, and also to offer evidence as to community debts, valuations of two automobiles owned by the community, and possession of 25 government bonds awarded to defendant. His motions were denied. We find no merit in appellant's claim of error in these rulings.

█ The attempted amendment would serve no purpose. The court already had granted husband a divorce on the ground of cruelty. Division of the property is the only grievance asserted by him. The property award would not be affected by adding other grounds for the same divorce.

Trial counsel for defendant (not his attorney on this appeal) had stipulated at trial to the value of the two automobiles and the trial court had adopted this stipulation. [2] Defendant argues that the stipulation was invalid because neither filed with the clerk nor entered upon the minutes (Code Civ. Proc., § 283). But it has long been recognized that this code section does not invalidate an oral stipulation made in open court (*Continental Bldg. etc. Assn.* v. *Woolf*, 12 Cal. App. 725, 730 [108 P. 729]). █ Although the court may set aside a stipulation on motion (46 Cal.Jur.2d, Stipulations, § 18, p. 43), it has broad discretion, and an appellate court will interfere only on showing of abuse (*Moffitt* v. *Jordan*, 127 Cal. 628 [60 P. 175]). █ Defendant made no showing of fraud or other facts to warrant relief, and thus cannot here assert abuse of discretion (*Ross* v. *Atchison, T. & S. F. Ry. Co.*, 141 Cal.App.2d 178, 182 [296 P.2d 372]).

█ Defendant raised no issue as to community debts either at pretrial conference or at trial. More to the point, the affidavit supporting his motion to reopen shows that the bulk of the debts he wished to prove were balances due upon household equipment. The articles were awarded to plaintiff wife, with the requirement that she pay all balances due

thereon. It follows that no prejudice to defendant is shown by the denial of his motion to reopen.

Evidence as to the government bonds was introduced at trial by both sides. Defendant's affidavit fails to show wherein more satisfactory evidence would be produced on a reopening of trial.

As to none of his grounds for reopening did defendant show any valid excuse for failure to produce the evidence at trial. This is a factor to be considered (see *Hanson* v. *Wells Van & Storage Co.,* 100 Cal.App.2d 332, 335-336 [223 P.2d 509]).

Whether to reopen a case for further evidence is largely a matter of judicial discretion (*Kaplan* v. *Hacker,* 113 Cal. App.2d 571, 573 [248 P.2d 464]; *Mazzenga* v. *Rosso,* 87 Cal. App.2d 790, 794 [197 P.2d 770]).     No abuse of discretion in denying defendant's motion is shown.

Husband stresses the fact that the court did reopen the case to permit wife to introduce a document, executed before trial, restoring her civil rights for the limited purpose of prosecuting this action. He makes no contention that this action was erroneous. He argues only that because wife was granted a reopening, he should have the same favor. The argument is without merit. The wife's evidence on reopening was but a single document. Its authenticity was unquestioned, and no trial time was needed. Its admission by no means required that husband be permitted to offer extended oral evidence on other matters, already determined, and as to which his affidavits made no showing of the witnesses through whom the proof was to be offered nor of any reason why it had not been offered at trial.

Husband properly points out that where each party is granted a divorce on the ground of extreme cruelty, the property must be equally divided (*DeBurgh* v. *DeBurgh,* 39 Cal.2d 858, 874 [250 P.2d 598]; *Diamond* v. *Diamond,* 149 Cal.App.2d 788, 790 [308 P.2d 909]). However, the record fails to support his contention that this rule was violated here. There is little conflict in the evidence as to valuation. The total community property was worth $15,400. Home and furnishings, valued at $11,000 were awarded to plaintiff wife. The remaining property, valued at $4,400, was awarded to defendant. To equalize these awards, plaintiff wife was ordered to pay defendant $3,300 at the rate of $50 per month.

Wife was then awarded alimony at the rate of $100 per month for 12 months, with the provision that it be credited against the $3,300 she was ordered to pay husband. He attacks

this award of alimony. ▮ But the rule is clear that alimony may be awarded to either party when divorce is granted to each (*DeBurgh* v. *DeBurgh, supra*; *Diamond* v. *Diamond, supra*). ▮ The amount of an alimony award is within the discretion of the trial court (*Thomasset* v. *Thomasset,* 122 Cal.App.2d 116, 131 [264 P.2d 626]). ▮ We cannot say, on the record before us, that this discretion was abused. Husband argues strongly that alimony should not have been awarded to plaintiff while she was in prison. We need not determine whether discretion would be abused by requirement of cash payments of alimony to one in prison. Here the alimony was but a credit on payments to be made by wife, upon her release, to husband. In view of the payments which the decree requires of her upon house and furniture, as well as to defendant, we find little merit in defendant's contention.

Husband also argues the propriety of the award of counsel fees and costs on appeal. His appeal from that order has been determined (*Lyons* v. *Lyons,* 179 Cal.App.2d 712 [3 Cal.Rptr. 909]).

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied May 4, 1961, and appellant's petition for a hearing by the Supreme Court was denied May 31, 1961.