[Civ. No. 44478. Second Dist., Div. Five. Aug. 11, 1975.]

In re the Marriage of JEANNE R. and LELAND R. HOUSE.
JEANNE R. HOUSE, Appellant, v.
LELAND R. HOUSE, Respondent.

## COUNSEL

Milton R. Gunter for Appellant.

Mazirow, Schneider & Forer and Thomas Schneider for Respondent.

## OPINION

ASHBY, J.—Appellant (Wife) appeals from an interlocutory judgment of dissolution of marriage and from an order denying a new trial.[1]

Wife and Husband were married August 13, 1966, and separated February 15, 1972. The interlocutory judgment of dissolution of marriage was entered May 4, 1973.

In making its order the trial court found: "Respondent has been in private practice since 1944; the gross yearly fees received by Respondent during the marriage, adjusted for inflation and the area serviced, shows little or no increase to gross yearly fees prior to marriage. There is no evidence that the value of Respondent's practice is greater subsequent to the marriage than on the date of marriage. Petitioner has not shown an increase of receivables, payables, cash, goodwill from those existing to [sic] prior to marriage, all of which comprise and make up the value of Respondent's medical practice." The court concluded that the medical practice of Husband has no or negligible community property value and awarded the practice, including the accounts receivable, to Husband as his sole and separate property.

 The question presented by this appeal is whether the trial court erred in failing to award Wife 50 percent of the accounts receivable in respondent's (Husband) medical practice at the date of separation, as community property. We hold that the trial court erred.

[1]An order denying a motion for new trial is not appealable. (Code Civ. Proc., § 904.1.)

Husband contends that he is entitled to the full amount of the accounts receivable because he "came to this marriage with a given sum of accounts receivable which clearly were his separate property; it is only right that he should leave the community with a like sum."[2] He further argues that he used the accounts receivable existing at the time of the marriage to support Wife during the marriage and concludes that he is entitled to reimbursement for this amount. There is no basis in law for this contention. If, as alleged, the earlier accounts receivable were used, as collected, for community purposes, Husband is not entitled to reimbursement therefor in the absence of an agreement between Wife and Husband for such reimbursement. (*See* v. *See,* 64 Cal.2d 778, 785 [51 Cal.Rptr. 888, 415 P.2d 776]; *Weinberg* v. *Weinberg,* 67 Cal.2d 557, 570 [63 Cal.Rptr. 13, 432 P.2d 709]; *Chimenti* v. *Chimenti,* 4 Cal.App.3d 354, 357 [84 Cal.Rptr. 32]; *In re Marriage of Cosgrove,* 27 Cal.App.3d 424, 431 [103 Cal.Rptr. 733].)

Wife correctly argues that the accounts receivable at the time of the separation were directly attributable to services performed by Husband during the marriage, and therefore constitute earnings.[3] Husband concedes that the accounts receivable at the time of the separation were produced during the marriage. The accounts receivable, to the extent produced by Husband's personal efforts and abilities, constitute the earnings of Husband during the marriage and therefore constitute community property. (*Winn* v. *Winn,* 143 Cal.App.2d 184, 189-190 [299 P.2d 721]. See Civ. Code, § 5110; *Phillipson* v. *Board of Administration,* 3 Cal.3d 32, 40 [89 Cal.Rptr. 61, 473 P.2d 765]; *Romanchek* v. *Romanchek,* 248 Cal.App.2d 337, 342 [56 Cal.Rptr. 360].)

The interlocutory judgment of dissolution of marriage is reversed and the cause remanded to the superior court for further proceedings consistent with the views expressed in this opinion. The appeal from the order denying Wife's motion for new trial is dismissed.

Stephens, Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied September 10, 1975.

---

[2]Actually, no evidence was introduced showing the amount of the accounts receivable at the time of the marriage. The trial court merely found that it had not been shown the receivables, etc., had increased. The accounts receivable were not the same accounts.

[3]Wife did not contend at trial that the value of Husband's medical practice was a community asset which should be evaluated and divided by the court.