GAIL D. BOZEK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; LAWRENCE M. BOZEK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Bozek v. Commissioner
Docket Nos. 10570-83, 10826-83.
United States Tax Court
T.C. Memo 1986-37; 1986 Tax Ct. Memo LEXIS 571; 51 T.C.M. (CCH) 350; T.C.M. (RIA) 86037; January 28, 1986. Gail D. Bozek, pro se in docket No. 10570-83. Lawrence M. Bozek, pro se in docket No. 10826-83. Charles Cobb, for the respondent. AARONS
MEMORANDUM OPINION AARONS, Special Trial Judge: These consolidated cases were assigned to Special Trial Judge Aarons pursuant to section 7456(d)(3) of the Internal Revenue Code and Rules 180, 181 and 182 [1] of the Tax Court Rules of Practice and Procedure.
Respondent determined a deficiency in petitioner Gail D. Bozek's 1979 Federal income tax of $1,511.Respondent also determined a deficiency in petitioner Lawrence M. Bozek's 1979 Federal income tax of $2,903.13. The issues to be decided *573 are: (1) whether the income reported by petitioners [2] on their separate returns was community income and, accordingly, properly reportable one-half by each; (2) whether the deductions claimed by petitioners on their separate returns were community in nature and, accordingly, properly claimed one-half by each; (3) whether Lawrence M. Bozek is entitled to claim an exemption for Gail D. Bozek; (4) whether Lawrence M. Bozek or Gail D. Bozek or either of them is entitled to claim an exemption for their son Justin; (5) whether Lawrence M. Bozek failed to report $885 in interest income and whether this item of income should be treated as community income; (6) whether Gail D. Bozek is entitled to additional business, medical and charitable contribution deductions and whether these deductions should be treated as community deductions; and (7) whether Gail D. Bozek is entitled to have one-half of a tax payment made by Lawrence M. Bozek apply to her tax liability. *574 To the extent stipulated, the facts are so found. Gail D. Bozek (hereinafter Gail) resided in Arleta, California, at the time she filed her petition. Lawrence M. Bozek (hereinafter Lawrence) resided in La Habra, California, at the time he filed his petition. During the year in issue, 1979, petitioners were married and lived in the same residence with their minor son, Justin. Lawrence was self-employed as a real estate broker and Gail worked as a saleswoman for M.E. Duncan, Inc. Lawrence and his mother Veronica Bozek maintained a joint savings account at U.S. Savings and Loan during 1979.The source of the funds deposited into this account was Lawrence's net earnings as a real estate broker. Gail knew that Lawrence was earning money from his real estate business.However, she did not know that Lawrence was depositing his earnings into this account until sometime in March 1979. Whenever a bill had to be paid, Lawrence would withdraw enough money to cover it from the joint account and deposit it in a checking account he maintained with Gail. Veronica made no deposits to, or withdrawals from, this account. The joint savings account earned $885 in interest in 1979, of which $810 *575 was reported as income on the return filed by Veronica Bozek and her husband Joseph Bozek. Aside from Lawrence's joint account with Veronica, petitioners maintained a joint savings account and two joint checking accounts during 1979. Petitioners separated in April of 1980 and were divorced one year later. In either May or June of 1980, petitioners sold their family home and receive cash of $120,000 for their equity. Neither petitioner brought a significant amount of separate property into their marriage, nor did either receive separate property by way of gift, bequest, devise or descent during their marriage. At the time of separation there was very little, if any, cash left in any of petitioners' accounts, including Lawrence's joint account with his mother. Petitioners filed separate Federal income tax returns for 1979.Lawrence reported $23,889 in net income from his real estate business (i.e., 100 percent of his net income from his business) and claimed $9,324 of Schedule A deductions. Gail reported $1,968 in wage income, $85 in interest income and $212 in commission income. She claimed no business or Schedule A deductions. Respondent's position is essentially neutral. *576 He has taken protective positions in the notices of deficiency issued in these consolidated cases. The notice of deficiency addressed to Lawrence leaves the income reported on his return intact, but reduces by one-half the Schedule A deductions shown on his return. The notice of deficiency issued to Gail attributes to her one-half of the income and one-half of the deductions shown on both returns. In November 1980, Lawrence filed an amended return for the tax year 1979. On this return he reported one-half of the income and one-half of the deductions disclosed on both of the original 1979 returns. The original return filed by Lawrence reported a tax liability of $4,419 while the amended return reported a tax liability of $1,426. A tax payment of $1,732.45 was made by Lawrence on November 12, 1980. The source of the funds used by Lawrence to make this payment was his half of the money derived from the aforementioned sale of petitioners' family home. For 1979, there was $108 of withholding from Gail's wages, which was refunded in May 1980. In April 1983, one-half of this amount was assessed and applied to Lawrence's tax liability. The notices of deficiency were based upon *577 the original returns. Preliminarily, a fundamental principle must be noted. The determinations made by respondent in the notices of deficiency are presumed to be correct. Petitioner bear the burden of establishing error in those determinations. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). (1, 2) It has long been held that, as between husband and wife, a State's community property law determines the ownership of income for income tax purposes. United States v. Mitchell,403 U.S. 190, 197 (1971). Under the community property laws of California, income earned by a spouse during marriage is community income. Cal. Civ. Code sec. 687 (Deering 1971); Winn v. Winn,143 Cal. App.2d 184, 299 P.2d 721 (1956). Thus, spouses filing separate returns must each report their one-half share of community income. United States v. Malcolm,282 U.S. 792 (1931). The same is true for deductions. To the extent deductible items are paid out of community funds or relate to community property, they must be claimed one-half by each spouse. Johnson v. Commissioner,72 T.C. 340 (1979); Clemens v. Commissioner,8 T.C. 121 (1947). *578 It is clear that the income earned by petitioners in 1979 while they were still married was community income. Petitioners had no marital or pre-nuptial agreement to the contrary. Petitioners had only a negligible amount of separate property in the form of personal possessions. Hence all of their expenses were paid with community funds and their deductions were community deductions. Accordingly, each petitioner should have reported one-half of the total community income and one-half of the total community deductions on his or her return. Gail seeks relief from the application of the California community property laws under section 66(c). [3] Section 66(c) provides as follows: (c) Spouse Relieved of Liability in Certain Other Cases. - Under regulations prescribed by the Secretary, if - (1) an individual does not file a joint return for any taxable year, (2) such individual does not include in gross income for such taxable year an item of community income properly includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of the other spouse, (3) the individual establishes that he or she did not know of, and had no *579 reason to know of, such item of community income, and (4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income, then for purposes of this title, such item of community income shall be included in the gross income of the other spouse (and not in the gross income of the individual). Although Gail meets the first and second requirements of this section, she fails to meet the third and fourth requirements. Simply stated, Gail knew that Lawrence was earning commissions from his real estate business. The fact that she did not know (until March 1979) that Lawrence was depositing his checks into the joint account with Veronica is not relevant to the test imposed by section 66(c)(3). Furthermore, Gail did not suffer any hardship since Lawrence still applied these funds to community expenses. We believe that Congress did not intend for section 66(c) to apply to facts like those before us since it amended section 66(b) for tax *580 years beginning after 1984. Sec. 424(b)(1), Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 802, 803. Section 66(b) would disallow the benefits of community property law derived by Lawrence if Gail could prove that Lawrence "acted as if solely entitled to such income and failed to notify [Gail] * * * of the nature and amount of such income." Sec. 66(b). Although we need not pass on this question, Gail may have found relief under section 66(b) if the tax year in issue had begun after 1984. Accordingly, section 66(c) does not apply to the facts before us. Respondent's determinations on these issues are sustained as to Gail's gross income and deductions and as to Lawrence's deductions. Respondent's determination as to Lawrence's gross income must be decreased by 50 percent. (3) On his 1979 individual tax return, Lawrence claimed an exemption for Gail. Section 151(b) provides that a spouse not filing a joint return may claim an exemption for the other spouse only if the other spouse has no gross income. See also sec. 1.151-1(b), Income Tax Regs. As Gail earned $1,968 in wages, $85 in interest and $212 in commissions, Lawrence is not entitled to claim an exemption with respect *581 to her. Respondent is sustained on this issue. (4) Lawrence also claimed a dependency exemption for petitioners' minor son, Justin. At the trial, Gail likewise asserted a right to this exemption.Section 152(a) requires that a taxpayer must provide a dependent with morethanone-half of his support before an exemption may be claimed. Neither Lawrence nor Gail has shown that he or she provided over half of Justin's support for the year at issue, and accordingly, we sustain respondent on this issue. (5) The joint savings account of Lawrence and Veronica Bozek earned $885 in interest in 1979. Veronica Bozek and her husband reported $810 of this interest income on their 1979 tax return. Lawrence did not report any interest from this account on his 1979 tax return. In the notice of deficiency issued to Lawrence, respondent included $885 in Lawrence's gross income. Respondent has advised the Court that he now concedes the $885 interest income inclusion. (6) Respondent and Gail stipulated at trial that she is entitled to claim $1,222 Schedule A business deductions in 1979. However, the issue remained whether these deductions were community in nature and, therefore, allocable *582 one-half each to Gail and Lawrence. In accordance with our finding above, and mindful of the fact that petitioners were married throughout all of 1979, we hold that these additional deductions were for community expenses. Each petitioner will be entitled to claim one-half of $1,222 in additional Schedule A business deductions. (7) In November 1980, Lawrence submitted a payment on his tax liability of $1,732.45. Gail now seeks to have one-half of this payment applied to her 1979 deficiency. Unfortunately for her, we lack the power to grant her request. As we stated in Perine v. Commissioner,22 B.T.A. 201, 204 (1931), "[t]he spouses became separate and distinct taxpayers * * * upon the filing of separate returns of the community income, and the situation is no different than it would be if the taxpayers were other than husband and wife." They being separate taxpayers, we do not have the jurisdictional authority to credit the deficiency determined against Gail with a payment made by Lawrence on his deficiency. Vayssie v. Commissioner,8 B.T.A. 587 (1927); Crawford v. Commissioner,T.C. Memo. 1961-224. To reflect the foregoing, *583 Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect in the year in issue; all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise indicated.↩
2. Petitioner Gail D. Bozek and petitioner Lawrence M. Bozek as a couple will be referred to as the Bozeks or as petitioners. At trial, Gail Bozek went by the name of Gail Canlas. For clarity, we will refer to this petitioner by the name found on her notice of deficiency and petition, i.e. Gail D. Bozek.↩
3. Section 66(c) was added to the Code by sections 424(b)(1) and (c) of the Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 802, 803, and applies to all open years.↩