ALEXANDER VAYSSIE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9530. Promulgated October 7, 1927.

Where husband and wife in California erroneously file separate returns reporting their income on the community property basis and each make payments of the tax liability shown, and the Commissioner determines that the entire income should be taxed to the husband and tenders to the wife a refund of the amount paid by her, the husband is not entitled to have the amount due the wife credited against his tax liability.

*E. D. Knight, Esq.,* for the petitioner.
*M. E. McDowell, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income taxes for the calendar years 1920 and 1921 in the amounts of $1,403.96 and $962.50, respectively. At the hearing the deficiency asserted for 1921 was conceded to be correct and any error assigned in the petition with respect to that year was waived. It was also conceded at the hearing that the correct deficiency for 1920 was $1,403.96 unless it should be reduced by the amount of $845.70, together with *interest thereon,* which represents a refund which has been authorized to be paid to petitioner's wife and which amount petitioner claims should be credited on his income-tax liability in accordance with his request.

11340°—28——40

For the year 1920 the petitioner and his wife, residents of California, filed separate income-tax returns in or about the first week of March, 1921. The collector sent those returns back and the checks which had been tendered in payment of the tax shown thereon, requesting that a return be made "under the community property laws of the State of California." Prior to March 15, 1921, the petitioner filed a return in which he included all the income of himself and wife. At that time the two separate checks which had been tendered with the two separate returns filed prior to that time were again tendered with the joint return. The petitioner still maintained at that time that he had a right to file separate returns and the checks were tendered accompanied by a letter stating "apply these two checks to the income here under consideration whether you find that to be separate income properly returned on two separate returns, or community income properly returned in this joint return."

At the time the original returns were filed the theory was that a single joint return should be filed by the husband. Before the returns as resubmitted were audited the Attorney General had reversed that ruling, so that, when the tentative determination of the Commissioner was made the petitioner was informed that the separate returns had been accepted and that the two checks of $845.70 each had been applied in payment of the tax as shown on the two returns and there was no deficiency.

Thereafter the Attorney General's opinion and the *Robbins* decision again reversed the situation with respect to community property in California and within the statutory period the Commissioner again sent out a deficiency letter, this time saying that the income should be returned by the husband for the community and that there was an additional deficiency. That deficiency was measured by the difference between the $845.70, the husband's original check and the total deficiency (for 1920 and 1921) of some $2,300 found on the community returns. The Commissioner first gave credit on the husband's return for both checks but before the matter was closed, when it was determined that the entire income should be taxed to the husband, gave credit only for $845.70, the amount of one check, and gave notice that the other payment would be the subject of a refund to the wife.

During the time when separate returns were permitted to be filed and in the tentative closing of the case, the Commissioner accepted the separate returns and set up two accounts on the collector's books, one for the husband and one for the wife, and applied the two checks in payment of the accounts as they then stood. Later, when the husband's return was finally accepted by the Commissioner, the

amount of the wife's check paid on her account, instead of being credited against the tax whichever way it was determined, was made the subject of a refund on the wife's account in order to close that account on the collector's books. That check together with the interest which had accrued up to the time the refund was allowed is now in the collector's hands and was refused by the petitioner on the theory that it should be applied as a credit as he had originally requested.

OPINION.

TRAMMELL: Since the petitioner conceded the correctness of the deficiency for 1921, the action of the respondent in that respect is approved.

There is no controversy as to the tax liability for 1920, the only question being whether the Commissioner should credit the petitioner's account with the amount due to the wife as a refund. In our opinion, the Board has no authority to require the Commissioner to credit the petitioner's account with a refund due to the petitioner's wife. The Board can not require the Commissioner to credit one taxpayer's account with a refund due another taxpayer.

Reviewed by the Board.

*Judgment will be entered for the respondent.*