EDITH STOKBY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44495.    Filed August 6, 1956.

*Harry Etra, Esq.*, and *Bertram L. Roberts, Esq.*, for the petitioner.
*John J. Madden, Esq.*, and *Charles B. Markham, Esq.*, for the respondent.

### OPINION.

RAUM, *Judge:* This case is closely related to that of *Axel S. Stokby*, Docket Nos. 21145 and 24870, decided by this Court June 30, 1953, involving petitioner's husband. An unincorporated business enterprise called Stokby Company was conducted during the tax years 1942–1944 in petitioner's name. All the income that she reported for the tax years came from that business. The deficiency notice herein made certain adjustments with respect to the net income thus reported by her. In the case of the husband, the Commissioner took the position that the income of the enterprise was earned in its entirety by the husband and must therefore be charged to him. The decision of this Court against the husband became final, and thereafter the Commissioner ceased to claim any deficiency against petitioner. Meanwhile, however, the petitioner had filed claims for refund of the entire taxes paid by her, and the right to a refund of these alleged overpayments is the only issue now before us.

Ordinarily, jurisdiction having been acquired by the Court through the petition for review of the Commissioner's determination of deficiency, this Court would have the power and duty to determine the amount of any overpayment for the years involved; and superficially, at least, it would seem that an order setting forth the overpayments by petitioner is called for here. However, the Government argues that since the taxes in question were paid out of the funds of the business, petitioner in effect was a mere nominee of her husband, that she was not a "taxpayer," and that any overpayment relating to the returns filed by her merely offsets the husband's deficiencies which this Court approved and which apparently are still unpaid, with the result that there would then be no overpayment. Both petitioner and her husband now reside in Denmark, but the evidence suggests that they are not living together and are estranged.

We cannot accept the Government's position. Petitioner filed a return and we know of no tenable ground for holding that she was not a "taxpayer." The Stokbys were separate taxpayers; and we are aware of no authority, whatever the equities, for applying the overpayment of one against the deficiencies of the other in any order that we have power to enter. Cf. *Irma Jones Hunt*, 47 B. T. A. 829; *Robert C. Roebling*, 28 B. T. A. 644, 656, reversed on other grounds 78 F. 2d 444 (C. A. 3); *H. B. Perine*, 22 B. T. A. 201; *Alexander Vayssie*, 8 B. T. A. 587. Nor is a different result required merely by characterizing petitioner as a volunteer who paid her husband's taxes. She was more than a mere conduit. She filed a return and paid taxes on the theory that the business belonged to her. Regardless of the source of the funds which she used in paying those taxes, it is she and she alone who is formally entitled to a declaration of overpayment in this Court. This case is unlike *Morris Lipsitz*, 21 T. C. 917, 936, affirmed 220 F. 2d 871 (C. A. 4), certiorari denied 350 U. S. 845, where the petitioners had filed returns both under their own names and under fictitious names, and where it was held that the taxes paid in connection with the latter returns must be taken into account in determining the deficiencies. Nor is it controlled by *Bailey* v. *United States*, 104 F. Supp. 997 (Ct. Cl.), whether or not one agrees with the result in that case, for the returns there were filed by one who was plainly merely a "straw man" for the true taxpayer. In the present case, there was a substantial controversy as to the ownership of the business, and we will not assume, merely because Axel Stokby lost his case, that there was no basis whatever for the filing of the returns by petitioner.[1]

Our conclusion is without prejudice, however, to any remedy that the Government may have in this matter, judicial or administrative, in which it might seek to prevent the refund from actually reaching petitioner, assuming, of course, that as against her the husband would have superior rights to such refund. On that question we express no opinion.

*Decision will be entered under Rule 50.*

---

[1] In *Harrold* v. *Commissioner*, 232 F. 2d 527 (C. A. 9), reversing 22 T. C. 625, the Court of Appeals was obviously moved by unique equitable considerations, and we do not find it necessary here to indicate the extent to which we agree or disagree with the result.