Claire Morse (formerly Claire Borin), Petitioner v. Commissioner of Internal Revenue, Respondent.
Morse v. Commissioner
Docket No. 56957.
United States Tax Court
T.C. Memo 1960-73; 1960 Tax Ct. Memo LEXIS 216; 19 T.C.M. (CCH) 393; T.C.M. (RIA) 60073; April 13, 1960
*216 Pursuant to respondent's concession, it is held, there is no deficiency and no addition to tax due from petitioner for the taxable years 1944, 1945, and 1946. George T. Altman, Esq., for the petitioner. Jack E. Roberts, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent determined deficiencies in income taxes for the years 1944, 1945, and 1946. Taxes were paid by parties other than the petitioner for these years in the amounts called for in returns filed in the name of petitioner. The income so reported allegedly arose from distributions of income from the Borin Art Products Company (a partnership). Under date of December 21, 1954, a notice of deficiency was mailed to petitioner determining deficiencies for the years 1944, 1945, and 1946, and an addition to *217 tax for the year 1946. A petition was timely filed in this Court, praying that no deficiency be found and that an overpayment be determined. The principal issue then posed was whether or not petitioner was in fact a member of the partnership during the years in question and thus had income from the partnership. Respondent now admits that petitioner had no gross income for the years 1944, 1945, and 1946, and that there is no deficiency in taxes or additions to tax due from petitioner for these years. As a result, the sole issue now before the Court is whether the Court should enter a decision of overpayment. The facts in this case, so far as they appear, are not in dispute, many of them having been found by the United States District Court in a related action concerning the transferee liability of petitioner, Morse v. Riddell, an unreported case ( S.D. Calif., 1958, 1 A.F.T.R. 2d 1301). Both parties refer to and rely on those facts. These findings provide the background for this action and are set forth in narrative form in the opinion of the Ninth Circuit Court of Appeals. Morse v. United States, 265 F. 2d 788, reversing the holding of the District Court. *218 The facts referred to above are, so far as pertinent, incorporated herein by this reference and are expressly taken as findings by this Court. Only facts which are necessary for an understanding and consideration of the questions before us are set out. Petitioner is an individual, now residing in Beverly Hills, California. The returns for the years 1944 and 1945 were filed with the collector of internal revenue for the First District of Illinois. No return was filed for 1946. The litigation in the Ninth Circuit[1] involved petitioner's transferee liability for unpaid income and excess profits taxes of the dissolved Borin Art Products Corporation, hereinafter sometimes referred to as the corporation, which were assessed in amounts to the extent of the value of petitioner's alleged 10 per cent interest in the Borin Art Products Company, hereinafter sometimes referred to as the partnership, the transferee of the corporation's assets. *219 The District Court for the Southern District of California entered judgment in favor of the Government. This decision was based on the conclusion of Judge Westover that the petitioner, by recognizing, ratifying, and adopting the partnership agreement through her conduct described in the court's opinion, became obligated under the agreement, although petitioner had personally not signed the agreement at its execution. The Court of Appeals for the Ninth Circuit disagreed and held that the petitioner did not ratify the partnership agreement and was not a limited partner and, therefore, was not a transferee of the Borin Art Products Corporation's assets. Under various dates petitioner signed consent agreements extending the period of limitation for assessment of taxes due from her, the last consent extending the period to June 30, 1955. In connection with petitioner's individual income tax return for the year 1944, she signed this return in blank and the amounts thereon were inserted by parties unknown to the Court. This return reported only one item of income, i.e., income from the partnership in the amount of $32,239.42. The tax liability of $14,925.62 was paid by someone other *220 than petitioner. Somewhat similar circumstances existed with reference to petitioner's individual income tax return for the year 1945, but she did not sign the return. Petitioner's name was placed on the return by someone other than petitioner and without her knowledge. Petitioner had no knowledge of the contents of the return and did not know that the return was being filed at that time. This return reported only one item of income, which was alleged income from the partnership in the amount of $46,028.35. The tax liability on the return was $24,596.39, and this amount was paid by someone other than petitioner. Under date of March 30, 1950, the Treasury Department furnished to petitioner a report of the examination of her income tax returns and her income tax liability for the years 1944, 1945, and 1946. The letter transmitting the report, among other things, stated: "After consideration by this office, the following adjustments of your tax liability appear to be warranted, for the reason stated in the report: "Over-Assessment
1944 income tax
$14,925.62
1945 income tax
24,596.39
1946 income tax
200.00" The letter advised petitioner to execute the enclosed *221 form of acceptance, should she agree to the adjustment, in order that a certificate of overassessment could be issued. The report stated that the principal cause for the change in the tax liability was due to a change in the partnership income. With respect to the year ended December 31, 1946, for which no return was filed, the report indicated that the amount of $21,534.18, which had been reported on the partnership return as a distribution to petitioner, had been taxed to petitioner's husband, Nathan Borin. On June 1, 1953, petitioner filed a claim for refund of income taxes paid for the year 1944 in the amount of $14,925.62. The claim incorporated the letter from the Treasury Department, dated March 30, 1950. Similar claims were filed under the above date for the years 1945 and 1946 in the amounts shown in the letter of March 30. The notice of deficiency which gave rise to the present litigation was mailed to petitioner on December 21, 1954. The Commissioner therein determined deficiencies in income taxes and an addition to tax for the years and in the amounts as follows: Addition
Year
Deficiency
to Tax
1944
$ 2,403.60
1945
8,036.31
1946
20,441.39
$5,110.35
*222 The deficiencies were based upon a determination by the Commissioner that the following additional partnership income of the Company should be included in petitioner's income for the years in question: Additional
Taxable Period
Income
May 1, 1943 - Jan. 31, 1944
$ 3,279.10
Feb. 1, 1944 - Jan. 31, 1945
6,443.93
Feb. 1, 1945 - Jan. 31, 1946
35,275.72
The Commissioner also increased petitioner's taxable income by including alimony payments for the year 1945 in the amount of $4,050 and for the year 1946 in the amount of $7,800. The original petition in this case was filed on March 18, 1955. In the prayer for relief petitioner requested this Court to determine that there were no deficiencies due for the years 1944, 1945, and 1946, and that this Court determine that there were overpayments for the year 1944 in the amount of $14,925.62, for the year 1945 in the amount of $24,596.39, and for the year 1946 in the amount of $200. As above noted, the Commissioner has conceded that there are no deficiencies in tax or additions to tax due from petitioner are no deficiencies in tax or additions to tax due from petitioner for any of the years in question. Petitioner *223 has abandoned any request of this Court to determine an overpayment for the year 1946. Petitioner was married to Nathan Borin in November 1933 and was divorced in March 1949. Petitioner was not a limited partner in the Borin Art Products Company, and did not receive any money, assets, or other properties from the Company. Petitioner did not pay any of the taxes due under the returns filed in her name for the years 1944 and 1945, and these taxes were paid by a person or persons unknown to this Court. She filed no return and made no payment of taxes in 1946. Petitioner had no gross income during the years 1944, 1945, and 1946. This case, as filed, involved alleged deficiencies in petitioner's income taxes for each of the years 1944, 1945, and 1946. Since the Commissioner has admitted there are no deficiencies in taxes or additions to tax for any of the years in question, we hold that there are none. There remains the question of overpayment. Petitioner, on brief, begins her argument with the assumption that irrespective of who made the overpayment, there is an overpayment of taxes in this case. Petitioner next argues that although this Court possesses no power to enforce *224 it or compel the Commissioner to refund or credit the overpayment, it has the power to determine an overpayment. Based on this proposition, petitioner reasons that we must determine an overpayment due to her in this case, regardless of whether or not she actually made the overpayment of taxes. Section 322(d) of the 1939 Internal Revenue Code, as amended, provides: "SEC. 322. REFUNDS AND CREDITS. * * *
"(d) Overpayment Found by Board. - If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of tax in respect of such taxable year, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer. * * *" Section 6512(b) of the 1954 Code contains a similar provision. Applying the quoted subsection to the facts of record, it seems clear that there has been an overpayment of taxes by someone. Obviously, the petitioner *225 against whom the respondent determined the deficiencies, now conceded to be in error, did not pay the taxes. All the facts considered, we limit our finding in this case to the simple statement that there are overpayments of taxes in the amounts of $14,925.62 for 1944 and $24,596.39 for 1945. The case of Edith Stokby, 26 T.C. 912, on which petitioner places heavy reliance, is clearly distinguishable since Edith actually paid the taxes in that case. Decision will be entered that there are no deficiencies in tax nor any addition to the tax on behalf of the petitioner for the years 1944, 1945, and 1946. Footnotes
1. Action by Claire Morse for an order enjoining defendant, district director of internal revenue, from the collection of taxes and interest assessed against her as transferee of the assets of the corporation. The Government intervened in the action to recover the taxes from petitioner.↩