George E. **DANIELSON** et al., Defendants-Appellants,

v.

**UNITED STATES** of America, Plaintiff-Appellee.

No. 22,637.

United States Court of Appeals Ninth Circuit.

Sept. 11, 1969.

Frank C. Christl (argued), of Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for appellants.

Hugh W. Blanchard (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Div., Frank S. Schmidt, District Director, Eugene I. Meyers, Los Angeles, Cal., Lester Uretz, Chief Counsel, I.R.S., Washington, D. C., for appellee.

Before BARNES and MERRILL, Circuit Judges, and PENCE, District Judge.*

MERRILL, Circuit Judge.

The parties to this appeal are creditors of David and Betty Jane Farrell. The case presents a dispute as to the respective rights of the parties to a fund of $94,127.53 paid into the Registry of the Court by the Internal Revenue Service pursuant to judgment of the Tax Court entered June 29, 1967 to the effect that the Farrells were entitled to this sum for overpayment of income taxes for 1962 and years prior thereto.

Appellants are trustees in bankruptcy of Los Angeles Trust Deed and Mortgage Exchange. In 1962 a controversy existed between Appellants and the Farrells as to the extent to which the Farrells personally were liable for debts of the Exchange. On June 27, 1962, a compromise agreement was reached which entailed transfer by the Farrells to Appellants of all assets of the Farrells with the exception of certain specifically enumerated properties. On November 21, 1962, on application of Appellants an order was entered by the Referee in effect approving and adopting the terms of the compromise agreement and decreeing that any property in which the Farrells had an interest as of June 27, 1962, should be deemed transferred to Appellants.[1] The claim of the Appellants to the disputed fund is based on this order.

On May 14, 1962, Farrell was convicted of a federal criminal offense and was fined $81,500. The Government claim to the disputed fund is based on this criminal obligation.

The District Court ruled in favor of the Government ordering transfer to it of the disputed fund. The trustees have appealed. We reverse.

In support of the District Court order the Government advances several contentions in none of which do we find merit.

██ 1. The Government contends that the Tax Court judgment was prop-

---

* Honorable Martin Pence, United States District Judge, District of Hawaii, sitting by designation.

1. "ORDERED, ADJUDGED AND DECREED that in the event DAVID or BETTY JANE FARRELL had any right, title or interest in or to any property, real or personal, tangible or intangible, as of June 27, 1962, which was not described in the affidavit of DAVID and BETTY JANE FARRELL attached to the Trustee's Application to Compromise and which was not exempt from creditors, then any such property shall be deemed to have been conveyed and transferred to the Trustees in Bankruptcy herein, and DAVID and BETTY JANE FARRELL shall execute or cause to be executed immediately upon demand from the Trustees, such documents as may be required to effectuate and perfect a transfer and conveyance of such properties to the Trustee in Bankruptcy herein, but this clause shall not in any way be deemed to affect that property which was first acquired subsequent to June 27, 1962; * * *."

erty acquired by the Farrells after June 27, 1962, and therefore, by the terms of the Referee's order, not included in the transfer.

The Farrells' claim of overpayment was based upon an operating loss suffered in 1962 and carried back against income of earlier years. The Government contends that the Farrells' right had not come into existence at the date in question; that it did not exist until the date of the Tax Court judgment, or, at the earliest, the close of the year 1962, when the extent of operating loss was first ascertainable.

■ Segal v. Rochelle, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966) holds to the contrary. A right to a loss carryback constitutes assignable property during the year of loss.

■ 2. The Government contends that the loss carryback claim was excepted from the Referee's order. The order (see footnote 1, supra) excepted property exempt from creditors. Under California law (California Code of Civil Procedure, § 688) causes of action are exempt from creditor levy.

The agreement upon which the Referee's order was based specifically referred in this respect to "property which is exempt under any of the subdivisions of California Code of Civil Procedure § 690." A loss carryback claim is not exempted under any of these subdivisions. The Referee's order clearly intended to adopt the compromise agreement in this, as well as other, respects and we so construe it.

■ 3. The Government contends that the compromise agreement and "purported assignment" does not comply with requirements of the Anti-Assignment statute, 31 U.S.C. § 203, and is void as against the United States.

That statute, however, is aimed at voluntary assignments and does not affect transfers by operation of law. Erwin v. United States, 97 U.S. 392, 24 L.Ed. 1065 (1878). Here the "assignment" was in response to an obligation owing to the trustees in bankruptcy not voluntarily assumed by the Farrells but arising by virtue of law from the facts upon which the trustees' claim was founded.[2] Under these circumstances a compromise approved by court order is not voluntary and a transfer pursuant to or accomplished by such order is not such a transfer as falls within the provisions of the Anti-Assignment statute. Price v. Forrest, 173 U.S. 410, 19 S.Ct. 434, 43 L.Ed. 749 (1899).

We conclude that Appellants are entitled to the fund in question.

The order of the District Court that the fund be transferred to Appellee is reversed.

---

2. The 1962 controversy between appellants and the Farrells was founded on appellants' allegation that Farrell was the "alter ego" of the bankrupt Los Angeles Trust Deed and Mortgage Exchange.

Appellants were seeking a turnover order to run against the Farrell's assets. For a discussion of turnover orders, see 2 Collier on Bankruptcy, para. 23.10, pp. 556–86 (14th ed. 1969).