NORRIS BLOOMFIELD, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2864–67.   Filed March 19, 1970.

*Jay Wiley Jones*, for the petitioner.
*Sheldon M. Sisson*, for the respondent.

#### SUPPLEMENTAL OPINION

TANNENWALD, *Judge:* On August 4, 1969, a decision herein was entered in favor of respondent and an opinion filed in connection therewith. On October 20, 1969, pursuant to a previously granted extension of time, petitioner filed a Motion to Vacate or Revise Decision and a Motion for Further Trial and Reconsideration. On October 27, 1969, a Motion to Substitute Trustee in Bankruptcy was also filed.

The essential facts are fully set forth in our previous opinion (see 52 T.C. 745) and need not be repeated here. In that opinion, we held that any claim resulting from a net operating loss of petitioner, and the attendant right to a net operating loss carryback, passed to the trustee in bankruptcy pursuant to the rationale of *Segal* v. *Rochelle,* 382 U.S. 375 (1966), and that petitioner was required to pay a deficiency arising from tentative refunds received by him and his former spouse as the result of the carryback of that loss to 1960, 1961, and 1962, unreduced by the portion of such refunds made to petitioner's former wife, who was not a party to the prior proceeding.

We consider first the Motion to Substitute Trustee in Bankruptcy. By order of the U.S. District Court for the Southern District of California dated October 14, 1969, the bankruptcy proceeding was reopened, one George Ritner was reappointed trustee, and the trustee was "instructed to endeavor to be joined" in the instant case. It appears that there has been compliance with the applicable provisions of the Bankruptcy Act (11 U.S.C. sec. 11, and particularly subsection (a)(3)), and we assume for purposes of ruling on the motion that such is the case.

Rule 23(*a*) of the Rules of Practice of this Court provides for the substitution of "successor fiduciaries." Whether a trustee in bankruptcy is a successor fiduciary within the meaning of this Rule is a complex question. Compare secs. 6036, 6903, and 7701(a)(6), I.R.C. 1954; see Krause & Kapiloff, "The Bankrupt Estate, Taxable Income and the Trustee in Bankruptcy," 34 Ford. L. Rev. 401 (1966). Although we recognize that the right of substitution should normally be determined on the basis of the procedural requirements rather than the substantive rights of the party seeking to be substituted, the posture of this case is such that we find it unnecessary to resolve the complexities involved. We are convinced that under no circumstances would the trustee in bankruptcy be entitled to relief in this proceeding.

As we pointed out in our prior opinion, a trustee in bankruptcy and the bankrupt are separate taxable entities, each of whom is required to file a separate return. See 52 T.C. at 750. Furthermore, as we also pointed out in our prior opinion, *Segal* v. *Rochelle, supra,* stands for the proposition that a prebankruptcy net operating loss passes to the trustee in bankruptcy. See 52 T.C. at 748–749. Compare *Danielson* v. *United States,* 416 F. 2d 408 (C.A. 9, 1969). Based upon these principles, we held that the petitioner herein was not entitled to carry back the claimed net operating loss.

The trustee in bankruptcy not only does not question our prior holding but, by his intervention in this proceeding, affirmatively seeks to

take advantage of it. In essence, his claim is that he should be entitled to a refund based upon his use of the petitioner's claimed net operating loss. The difficulty is that the trustee in bankruptcy misconceives the nature of this proceeding. Respondent herein determined a deficiency from the petitioner because of a claimed erroneous refund. Any use of the net operating loss in this proceeding could do no more than offset that deficiency. The trustee in bankruptcy would be entitled to relief only if we were prepared *both* to sustain the deficiency *and* hold that the trustee was entitled to receive the refund which the respondent made. But our jurisdiction with respect to refunds is strictly limited by section 6512(b), I.R.C. 1954, to a situation where we find "that *the taxpayer* has made an overpayment of income tax for the same taxable year * * * in respect of which the Secretary or his delegate determined the deficiency." Since the petitioner and the trustee in bankruptcy are separate taxable entities and it is petitioner who made an overpayment, if any, we are without jurisdiction to determine the validity of the trustee's claim. Accordingly, we deny the motion to substitute without prejudice to the right of the trustee to pursue such claim elsewhere. Cf. *Robbins Tire & Rubber Co.*, 53 T.C. 275, 279 (1969) ; *Edith Stokby*, 26 T.C. 912, 913 (1956).

We now turn to petitioner's motions for Further Trial and Reconsideration and to Vacate or Revise Decision. We note that this case was submitted as a fully stipulated case. Petitioner was under no obligation to so submit this case if he was of the opinion that more amplification of the facts than could be submitted with the stipulation was necessary. We have nevertheless considered petitioner's contentions and have concluded that the additional factual material which petitioner seeks to submit would in no way change the legal determinations upon which our prior decision rests. Initially, petitioner refers to a statement in our prior opinion which he claims was not justified by the record, namely :

The fact is that the value of petitioner's assets was insufficient to permit payment of his liabilities. The decline in value below cost obviously developed in the prebankruptcy past * * *

We judge from petitioner's objection that he has concluded that a showing of proof that the decline in value below cost was a post-bankruptcy phenomenon might have caused us to reach a different result. Clearly, if the decline in value was prior to the filing of the petition in bankruptcy, it developed in the prebankruptcy past and falls squarely within the holding of *Segal* v. *Rochelle, supra.* Equally clearly, if the decline was subsequent to the filing, the loss thereby

engendered would be the loss of the trustee, since, as we pointed out in our prior opinion, he succeeds to the cost basis of the property in the hands of the bankrupt. If petitioner is suggesting that a postbankruptcy decline in value justifies a holding that the filing of the petition itself produces a loss which inures to his benefit, we disagree. As the Supreme Court stated in *Segal* v. *Rochelle* (382 U.S. at 379) :

The main thrust of § 70a(5) [11 U.S.C. sec. 110(a)(5)] is to secure for creditors *everything of value the bankrupt may possess in alienable or leviable form when he files his petition.* * * * [but] to leave the bankrupt free after the date of his petition to accumulate new wealth in the future. [Emphasis added.]

Petitioner's suggested fine line of distinction will simply not stand scrutiny. If the language of our prior opinion seems to draw a distinction between prebankruptcy and postbankruptcy declines in value, it was not so intended and should not be so construed.

Petitioner also objects to our determination as to the extent of petitioner's liability for the deficiency. He seizes upon our statement that since the application for tentative carryback adjustment appeared to be in the same handwriting and to have been filed on the same day, petitioner seems to have been lacking in purity of noninvolvement. Petitioner, however, has omitted reference to the parenthetical expression in our prior opinion that we did not believe the innocence of knowledge of the claims for refund to be a material factor where joint returns are involved. See 52 T.C. at 751. In our prior opinion, we pointed out that section 6013(d)(3), I.R.C. 1954, imposes joint and several liability upon the parties to a joint return. The fact that the deficiency in question stems from the payment of refunds rather than an initial underpayment in no way distinguishes this case from the latter situation, where we have held that respondent is entitled to seek a full satisfaction from either party to the joint obligation. See *Henry M. Rodney*, 53 T.C. 287 (1969) ; *Marie A. Dolan*, 44 T.C. 420, 426–427 (1965).

Finally, petitioner objects to our statement that his former wife was the owner of one-half of any refund claim under the community property laws of California. We point out that this statement was not essential to our original decision, which was based upon the scope of section 6013(d)(3), I.R.C. 1954, and, in any event, we are aware of no authority that sheds doubt upon our initial statement.

Accordingly,

*The motions to substitute trustee in bankruptcy, to vacate or revise decision, and for further trial and reconsideration are denied.*