ROY M. CLINE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Cline v. Commissioner
Docket No. 15752-79.
United States Tax Court
T.C. Memo 1982-44; 1982 Tax Ct. Memo LEXIS 701; 43 T.C.M. (CCH) 436; T.C.M. (RIA) 82044; February 1, 1982. *701 1. Petitioner, separated but not divorced from his spouse and living in a community property State, is taxable on one-half of the community income even though his spouse reported and paid tax on all of her income on separate returns. 2. Petitioner's constitutional arguments are not valid. 3. The Forms 1040 filed by petitioner who answered most of the questions with either asterisks, constitutional arguments, the word "none," or a a figure "0" do not constitute returns and petitioner is liable for the addition to tax under sec. 6651(a)(1) for failure to file timely returns. 4. Addition to tax under sec. 6651(a) for negligence or intentional disregard of the rules and regulations approved. Roy M. Cline, pro se. David A. Hampel, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax for the taxable years 1976 and 1977 as follows: Less
Additions to tax
prepayment
Year
Deficiency
credits
sec. 6651(a)(1) [1]
Sec. 6653(a)
1976
$ 580.64
$ 381.77
$ 49.72
$ 29.32
1977
517.00
369.84
36.79
25.85
The issues presented for decision are: (1) Whether one-half the *703 community income received by petitioner's spouse at a time they were married but living apart in a community property state is taxable to petitioner even though the spouse reported, and paid tax on, her entire income, (2) whether various constitutional rights of petitioner have been violated, (3) whether petitioner is liable for an addition to tax imposed under section 6651(a)(1) for failure to file a timely income tax return, and (4) whether petitioner is liable for an addition to tax imposed under section 6653(a) for negligence or intentional disregard of the rules and regulations. All of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits thereto are incorporated herein by this reference. Petitioner Roy M. Cline (hereinafter petitioner) resided in Amarillo, Tex., at the time of the filing of the petition herein. Petitioner filed with the Internal Revenue Service a Form 1040 for each of the taxable years 1976 and 1977. The Form 1040 filed by petitioner for taxable year 1976 contained no information concerning petitioner's income or deductions for such year, but rather had a single or double asterisk in each space in which an *704 income or other figure was to be reported. Next to a single asterisk at the bottom of the form appeared the following: "This is not according to my understanding of a 'dollar'. See attached affidavit." Next to a double asterisk at the bottom of the form appeared the following: "This means specific objection is made under the 5th Amendment, U.S. Constitution, to the question as to Federal Reserve Notes, and that similar objection is made to the question under the 1st, 4th, 7th, 8th, 9th, 10th, 13th, 14th and 16th Amendments." Along the side of the Form 1040 was the statement that "I am confused as to the meaning of 'dollars', 'silver, gold, constitutional, statutory, fiat and paper dollars,' and the 'relative,' 'actual,' 'par' or 'parity' value thereof. I am also confused as to the meaning of 'legal-tender,' 'lawful money,' 'gross income,' 'notes receivable,' Federal Reserve Notes--'receivables' and 'nonreceivables'--that is to say, 'non redeemable.' I am also confused as to the reportability of 'bad debts' and understand that 'accounts receivables' are not reportable as 'gross income' for a cash basis taxpayer." In addition, attached to the Form 1040 was a copy of the Declaration *705 of Independence, a copy of the United States Constitution, various affidavits expressing petitioner's doubt as to "what a dollar is," his claim of Fifth Amendment protection, and fragments of quotations from various books and newspaper articles. The Form 1040 filed by petitioner for taxable year 1977 contained the word "none" in the space provided for wages, salaries, tips, and other employee compensation, in the space for dividends and in the space for alimony received. In the space for interest income there appeared the notation, "Less than $ 750.00." In the remainder of the spaces for the various income items, such as business income, capital gains, pensions, annuities, rent, royalties, partnerships, estates or trusts, etc., petitioner entered "object; self incrimination." Next to the space for total income appeared "Less than $ 750." In the space provided for employee business expenses petitioner again entered "object; self incrimination." With a few exceptions, the remaining spaces of the return contained the word "none." [2] However, in the space for adjusted gross income, was the number "0." In addition, attached to the Form 1040 were fragments of quotations from various *706 cases and newspaper articles dealing primarily with taxpayers' rights under the Fifth Amendment. At all times during 1976 and 1977, petitioner and Mary A. Cline (hereinafter former spouse), were residents of the State of Texas. Petitioner and his former spouse were still married during 1976 and 1977, but they were separated and living apart from one another at that time. They had not entered into a separation agreement. It is stipulated that for the taxable year 1976, petitioner's spouse received $ 7,442.74 in wages and $ 192.76 in interest, and petitioner received interest payments of $ 3,600 for such year; and that for the taxable year 1977 petitioner's spouse received $ 7,780.47 in wages and petitioner received interest payments of $ 3,464. Petitioner's spouse filed a tax return as married filing separately for both 1976 and 1977. On her return for such years she reported the entire *707 amount that she received for salary and interest in such years and presumably paid taxes thereon. She did not include in her income one-half of the interest received by petitioner. Petitioner did not include any of the interest he received in such years, nor did he report his share of the community income earned by his former spouse. In the notice of deficiency respondent added the income of both spouses for each year, divided it by two, and computed petitioner's tax on one-half of the total income. After so determining petitioner's tax liability for each year, respondent credited one-half of the tax withheld from Mary's wages against petitioner's tax. Mary's returns for each year reported additional tax due but no credit was given to petitioner for any part of these amounts. The record does not reflect whether Mary paid these additional taxes and, if so, when, or whether with community or separate property. When the case was called for trial, petitioner appeared pro se and indicated a willingness to pay the taxes and additions to tax determined in the notice of deficiency. Neither counsel for respondent nor the Court was sure that petitioner fully understood what was being *708 proposed, so the case was submitted on the stipulated facts and the parties were given an opportunity to file written memoranda in support of their respective positions. Petitioner did not file a memorandum so we must assume he accepts respondent's determination and has abandoned the arguments, mostly on constitutional grounds, made in his petition. In any event, all of petitioner's constitutional arguments have been decided adversely to petitioner's contention time and time again by this and other courts and it would be a waste of time to discuss them here. We hold that none of them are valid. See Cupp v. Commissioner,559 F.2d 1207 (3d Cir. 1977), affg. 65 T.C. 68 (1975); United States v. Rickman,638 F.2d 182 (10th Cir. 1980); Hatfield v. Commissioner,68 T.C. 895 (1977); Browne v. Commissioner,73 T.C. 723 (1980); Jackson v. Commissioner,73 T.C. 394 (1979); and recent Memorandum opinions of this Court such as Boger v. Commissioner,T.C.Memo. 1981-629, Stonier v. Commissioner,T.C.Memo. 1981-662, and cases cited therein. The only valid tax *709 issue raised by petitioner is whether a separated but still married spouse living in a community property State is liable for tax on one-half of his spouse's income even though she has reported it all on her separate return and paid tax thereon. Our research indicates that the answer is yes and we so conclude. Below is a brief summary of the reasons for our conclusions. It is well established that under the community property law of Texas, all property acquired by either spouse during the marriage belongs to the community, except property acquired by gift, devise, or descent, or property that is partitioned pursuant to statute. Free v. Bland,369 U.S. 663 (1962); Tex. Fam. Code Ann. tit. 1, sec. 5.01 (Vernon). See Tex. Const. art. 16., sec. 15. For purposes of Federal income taxation, each spouse is liable for payment of the tax on his or her respective share of the community income. United States v. Malcolm,282 U.S. 792 (1931); Hunt v. Commissioner,22 T.C. 228 (1954). This rule holds even where the parties have been permanently separated. Hill v. Commissioner,32 T.C. 254 (1959). In a similar case, Harrold v. Commissioner,232 F.2d 527 (9th Cir. 1956), *710 revg. 22 T.C. 625 (1954), this Court held that the taxpayer remained liable for the payment of the taxes on her share of the community income, and that we could not require respondent to credit one spouse with a refund due the other since each spouse is a separate and distinct taxpayer. The Appellate Court reversed due to a factual finding that during the divorce proceeding, the State court had reduced taxpayer's one-half of the husband's income by the taxpayer's share of the income taxes; hence she in fact had actually paid the taxes. In Stokby v. Commissioner,26 T.C. 912 (1956), this Court again held that since the taxpayer and his spouse were separate taxpayers and overpayment of one taxpayer could not be offset against the deficiency of the other. Consistent therewith, we hold that petitioner is liable for tax on his share of the community income. [3]
*711 Petitioner has offered no evidence to show error in respondent's determination of an addition to tax under section 6653(a) for negligence, and we uphold his determination. There could be an issue with respect to the imposition of an addition to tax under section 6651(a)(1) for failure to file a timely income tax return. Petitioner alleged that the Forms 1040 he filed were tax returns and were timely filed. Respondent takes the position that the forms filed by petitioner do not qualify as tax returns required by law to be filed. We agree with respondent. "The acid test for determining whether a document constitutes a valid return is whether it contains sufficient data from which respondent can compute and assess a tax liability." White v. Commissioner,72 T.C. 1126, 1129 (1979) (citations omitted). It is settled law that a Form 1040 which discloses no information relating to a taxpayer's income and deductions does not constitute a "return" within the meaning of section 6012. Hatfield v. Commissioner,supra;White v. Commissioner,supra;Porth v. United States,426 F.2d 519 (10th Cir. 1970); Reiff *712 v. Commissioner, 77 T.C.     (Nov. 30, 1981). Clearly, the Form 1040 filed for the taxable year 1976 did not constitute a valid return, as it contained no information regarding petitioner's income or deductions for such year. See United States v. Smith,618 F.2d 280 (5th Cir. 1980); United States v. Rickman,supra. But see United States v. Long,618 F.2d 74 (9th Cir. 1980). The Form 1040 filed for the taxable year 1977 contained the numeral "0" in the space provided for adjusted gross income [4] and in the space for tax table income. Most of the remaining spaces contained the word "none" or "object; self incrimination." United States v. Smith,supra, held that a Form 1040 that contained nothing more than zeros did not disclose sufficient information "relating to the taxpayer's income from which the tax can be computed," and therefore did not constitute a "return." 618 F.2d at 281.See also United States v. Moore,627 F.2d 830 (7th Cir. 1980), affg. an unreported District Court case, cert. denied 450 U.S. 916 (1981); Conforte v. Commissioner, 74 T.C. 1160, 1196 (1980). *713 But see United States v. Long,supra, wherein the Ninth Circuit held that returns filled in with zeros constituted returns. Under the rule of Golsen v. Commissioner,54 T.C. 742 (1970), affd. on other issues 455 F.2d 985 (10th Cir. 1971), we will follow the holding of the Fifth Circuit in Smith.We hold that the Form 1040 filed by petitioner for 1977 which contained "0," "none," and "object; self incrimination" in the various spaces, did not constitute a valid return. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue.↩
2. In the spaces for excess itemized deductions, tax table income, and total tax minus credits, the numeral "0" was shown. In the space for self-employment tax and minimum tax was "object; self incrimination." In the space for stating the amount of any overpayment appeared "No overpymt."↩
3. In the notice of deficiency, respondent credited against the taxes determined to be owing by petitioner one-half of the taxes reported as withheld from Mary's income each year, in the amounts of $ 381.79 for 1976 and $ 369.84 for 1977. Mary's return for 1976 reported tax due of $ 969 against which was claimed a credit of $ 763.53 for taxes withheld, leaving a balance of tax due in the amount of $ 205.47. Mary's return for 1977 also reported a tax due of $ 969 against which was claimed a credit of $ 739.67 for taxes withheld, leaving a balance of tax due in the amount of $ 229.33. We do not know whether Mary paid the balances of tax due shown on her returns, or if so, when, or whether with community or separate property. Furthermore, this Court has no jurisdiction over the credits of this sort to be applied against petitioner's tax liability. Continental Equities, Inc. v. Commissioner,551 F.2d 74, 79 (5th Cir. 1977), affg. on this point T.C.Memo. 1974-189; Stokby v. Commissioner,26 T.C. 912↩ (1956).
4. This was erroneous because petitioner admittedly received $ 3,464 of interest income in 1977.↩