JAMES E. MAHON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mahon v. Commissioner
Docket No. 4537-85.
United States Tax Court
T.C. Memo 1987-449; 1987 Tax Ct. Memo LEXIS 446; 54 T.C.M. (CCH) 439; T.C.M. (RIA) 87449; September 8, 1987. *446 P and his wife, W, filed separate returns for 1981. On such returns, they each reported one-half of P's income. Held:
(1) Income earned by P and reported on W's return is taxable to P; and (2) P is not liable for additions to tax for negligence under sec. 6653(a), I.R.C. 1954. James E. Mahon, pro se. Dahil Goss, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 19,378.22 in the petitioner's Federal income tax for 1981, an addition to tax of $ 968.91 under section 6653(a)(1) of the Internal Revenue Code of 1954, [1] and an addition *447 equal to 50 percent of the interest on the underpayment under section 6653(a)(2). After concessions, the issues remaining for decision are: (1) Whether the petitioner understated his income when he and his wife filed separate returns and each reported one-half of his income; and (2) whether the petitioner is liable for the additions to tax for negligence or intentional disregard of rules and regulations under section 6653(a)(1) and (2). FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, James E. Mahon, maintained his legal residence in Alexandria, Virginia, at the time he filed his petition in this case. He filed his individual Federal income tax return for 1981 with the Internal Revenue Service Center in Memphis, Tennessee. On such return, he elected the "married filing separate return" status. The petitioner retired from the United States Air Force as a colonel in 1967. In 1977, the petitioner wrote a letter to the AFAFC/RPT to have his retirement checks made payable to him and his wife. In part, such letter read: *448 I desire that the check for my Air Force retirement pay be written to indicate my wife, Mary H. Sunny and me as joint payees. Specifically, I desire that it read: Mary H. Sunny and James E. Mahon. The sole purpose to be served is to make a symbolic recognition of the service which she has rendered alongside me as a partner and comrade-in-arms for more than thirty years. Both overseas and stateside, during my years of active duty, and even now in the time of my retirement she has zealously labored for the accomplishment of all of those ends implicit and explicit in my oath of office. She is completely dedicated to the protection of the Constitution of the United States from all enemies, foreign and domestic. There is no desire nor intent to affect in any way the distribution of the retirement pay. At the moment it is payed by allotment to our joint bank account, to which either or each of us has full access. If she survives me, then the provisions of RSFPP or SBP will apply. During 1981, the petitioner was employed as a manager by two corporations. Each of such corporations provided him with a Form W-2 in his name. Such forms indicated that the petitioner had wage income *449 of $ 42,110.86 during 1981. In addition, he received retirement pay of $ 28,651.56. The petitioner's wife, Mary H. I. Sunny, was known as Mary H. Mahon from the time of her marriage in the 1940s until 1977. In 1977, she decided to stop using the petitioner's last name because her research indicated that the custom of a wife adopting the last name of her husband was built on a custom of slavery. She never had her last name legally changed from Mahon to Sunny. For 1980, the petitioner's wife attempted to have the IRS address all correspondence to her as Mary H. I. Sunny. She testified that the IRS refused to allow her to pay the Mahon's tax bill using the name Mary H. I. Sunny. Over the course of several months, there were numerous letters and telephone calls between the petitioner's wife and the IRS. She even tried to contact Roscoe L. Egger, the Commissioner of the IRS at that time, to settle the dispute concerning her use of her maiden name. Finally, the IRS levied against the petitioner's wages for certain joint tax liabilities. The IRS released the levy 1 day after it was instituted. As a result of this experience, the petitioner and his wife decided to file separate *450 returns for 1981. On his return for 1981, the petitioner included in income one-half of his retirement pay, one-half of all his wages, and one-half of his wife's retirement pay. He received two exemptions, one for himself and one for being 65 or over. The petitioner attached to his return for 1981 a "Declaration of Policy for Income Tax Payment." Such declaration was signed by the petitioner and his wife and, in relevant part, read as follows: We herewith declare, as partners, that the total taxable monies indicated on the attached Forms W-2, (or photo copies thereof) are joint income, equally shared, and the withheld taxes are jointly and equally paid, although the W-2s were issued in only one of our names [James E. Mahon]; we announce that the net proceeds were deposited in our joint Virginia Nat'l. Bank NOW Acct. * * * and the interest thereon, together with any/all other income, is reported in our separate individual income tax reports, Form 1040.
The petitioner's wife also filed an individual return for 1981, on which she reported the other one-half of their income. In his notice of deficiency, the Commissioner determined that, for 1981, the petitioner failed to *451 report approximately one-half of his wage and retirement income. In addition, the Commissioner disallowed a bad debt deduction, which he has since conceded. Finally, he determined that the resulting understatement of income was due to negligence or intentional disregard of rules and regulations under section 6653(a)(1) and (2). OPINION The first issue for decision is whether the petitioner understated his income when he and his wife filed separate returns and each reported one-half of the petitioner's wage and retirement income. The Commissioner determined that the petitioner understated his income by failing to report one-half of his wage and retirement income. The petitioner bears the burden of proving that the Commissioner's determination is erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure.[2]
At trial, the petitioner stated that he and his wife had always thought of themselves as a team and that he felt that she earned one-half of his income as a member of that team. The petitioner stated that the declaration accompanying his 1981 return is evidence of these beliefs. *452 Therefore, the petitioner contends that he correctly reported his income for 1981. One of the primary principles of our income tax system is that income should be taxed to the one who earns it. Commissioner v. Culbertson,337 U.S. 733, 739-740 (1949). Attempts to subvert this principle by deflecting income away from the true earner to another entity by means of contractual agreements are generally not recognized for Federal income tax purposes, despite their validity under State law. [3]United States v. Basye,410 U.S. 441, 448 (1973); Lucas v. Earl,281 U.S. 111 (1930). The proper taxpayer is the one who has the ultimate control over the earning of income rather than the person or entity who ultimately receives the income. Wesenberg v. Commissioner,69 T.C. 1005, 1010-1011 (1978); American Savings Bank v. Commissioner,56 T.C. 828, 839 (1971). For purposes of a joint return, the husband and wife are treated as a single taxpayer. See sec. 6013(d)(3); sec. 1.6013-4(b), Income Tax Regs. However, when spouses file separate returns, they are generally treated as separate and distinct taxpayers in *453 a manner similar to unmarried taxpayers. Stokby v. Commissioner,26 T.C. 912 (1956); Hunt v. Commissioner,47 B.T.A. 829, 840 (1942); Perine v. Commissioner,22 B.T.A. 201, 204 (1931); Vayssie v. Commissioner,8 B.T.A. 587 (1927). In Lucas v. Earl, supra, the taxpayer, a lawyer, entered into a contract with his wife which provided that future property acquired by either spouse would be treated as belonging equally to both. The taxpayer earned salary and fees, of which one-half was paid to his wife pursuant to the contract. The question presented was whether the taxpayer was required to include in his gross income the entire amount of the salary and fees, or only the one-half retained by him. The Supreme Court held that, *454 regardless of its effect as a matter of contract law, the assignment of income was ineffective under the Federal income tax to shift income to the assignee. 281 U.S. at 241. The entire amount of the petitioner's wages and retirement income was reportable by him on his return for 1981. The payments of such income were made to the petitioner in return for services performed by him. The petitioner chose to report such income on a separate return, rather than on a joint return as he and his wife had done in prior years. Therefore, regardless of the petitioner's belief that his wife was instrumental in his receiving such income, such income was solely reportable by and taxable to the petitioner. For this reason, we sustain the Commissioner's determination concerning the deficiency as modified by his concession. The final issue for decision is whether the petitioner is liable for the additions of tax for negligence or intentional disregard of rules and regulations under section 6653(a). Paragraph (1) of section 6653(a) provides for an addition to tax of 5 percent of the underpayment where an underpayment of tax is due to negligence or intentional disregard of rules *455 and regulations. See Richardson v. Commissioner,72 T.C. 818 (1979). Paragraph (2) of section 6653(a) provides for an addition to tax of an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. The petitioner bears the burden of proving that he is not liable for such additions to tax. Rule 142(a); Luman v. Commissioner,79 T.C. 846, 860-861 (1982). Since 1977, the petitioner and his wife have been attempting to have her known as "Mary H. I. Sunny," and in 1981, she had several discussions with the IRS seeking to have her recognized as Mary H. I. Sunny for tax purposes. They became frustrated and confused over how to achieve their objective. It is clear that, irrespective of what name is used by the petitioner's wife for Federal income tax and other purposes, the petitioner is responsible for reporting the income earned by him. Nevertheless, in view of their frustration and confusion, we have concluded that their filing separate returns for 1981 and the petitioner's reporting of only one-half of his income was not due to negligence or *456 intentional disregard of rules and regulations. Therefore, the petitioner is not liable for the additions to tax under section 6653(a). Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1981. ↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure. ↩
3. We observe that the rule that each spouse may report one-half of community income in a separate return is an exception to the general rule that income is taxed to the one who earns it. See Poe v. Seaborn,282 U.S. 101↩ (1930). Virginia is not a state with community income. 3 Mertens, Law of Federal Income Taxation, sec. 19.02, chap. 19, p. 9 (1981 rev.).